NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7182

JOE A. BROWDER, JR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: May 2, 2006

_____

Before LOURIE, RADER, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Joe A. Browder, Jr. ("Browder") appeals from the final decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") dismissing for lack of jurisdiction in part and as moot in part his petition for extraordinary relief in the nature of a writ of mandamus.  Browder v. Nicholson, No. 05-1253 (Vet. App. July 19, 2005) ("Decision").  Because the Veterans Court lacked jurisdiction to issue a writ of mandamus ordering the Secretary to change Browder's fiduciary, we affirm.

BACKGROUND

Browder, a 44 year old veteran who received an honorable discharge, was evaluated by the Veterans Administration[1] ("VA") on February 11, 2002. The VA examiner reported his impression that Browder had major depression with psychosis, noting that Browder last worked in 1993 and had been arrested on 60 different occasions. The examiner also stated that it was "quite unlikely that [Browder] would be able to manage his benefit payments in his own best interests considering his history and considering psychological tests." On April 16, 2002, the VA Regional Office ("RO") proposed to make a determination that Browder was mentally incompetent for VA purposes. On April 26, 2002, the VA informed Browder of this proposed action. Three days later, Browder accepted the proposed finding of incompetency and requested that his mother be appointed as his fiduciary. On May 10, 2002, the RO determined that Browder was incompetent for VA purposes. On August 15, 2002, the VA appointed Kenneth V. Anderson, Jr. ("Anderson"), Public Guardian for McCracken County, Kentucky, to act as Browder's fiduciary.

On May 10, 2005, Browder filed a pleading in the Veterans Court asserting that the RO had denied his attempt to "change [his] fiduciary from Kenneth Anderson . . . to [his] oldest son, Jason Alexander Browder." Decision, slip op. at 1. He also contended that when he attempted to appeal the RO decision to the Board of Veterans' Appeals (the "Board"), it "declined jurisdiction based on [his] case before the [Veterans] Court." Id. Browder requested that the Veterans Court order the Secretary to notify him of the status of his claims filed at the RO in February and/or March 2005. Id.

---

[1]     The Veterans Administration was renamed the Department of Veterans Affairs in 1988. Department of Veterans Affairs Act, Pub.L. No. 100-527, 102 Stat. 2635 (1988).

The Veterans Court construed Browder's pleading as a petition for extraordinary relief in the nature of a writ of mandamus. Id. In response to Browder's petition, the Secretary asserted that the Secretary has the sole responsibility of choosing the most appropriate fiduciary. Id. The Secretary also reported on the status of the claims that Browder had filed in February and/or March 2005. Id.

The Veterans Court dismissed Browder's petition for lack of jurisdiction in part and as moot in part. Id., slip op. at 2. First, the court held that Browder had failed to demonstrate that the court had jurisdiction to issue a writ of mandamus ordering the Secretary to allow Browder to change his fiduciary duty. Id. Second, the court held that Browder's request for notification regarding his February and/or March 2005 claims filed at the RO was moot because the Secretary reported on the status of those claims in the Secretary's response to the petition. Id.

Browder timely appealed the Veterans' Court dismissal on jurisdictional grounds to this court, and we have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

We have limited jurisdiction to review a decision of the Veterans Court. We cannot, absent a constitutional issue, review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (2000). We may, however, review the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2000). Such legal determinations of the Veterans Court are reviewed without deference. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). Whether the Veterans Court had

jurisdiction to issue a writ of mandamus to compel the Secretary to change Browder's fiduciary is a question of law.

On appeal, Browder argues that the Veterans Court erred in failing to consider information in his reply brief to that court, which was returned for being nonconforming. The reply brief alleged that Anderson did not inform him of letters that Anderson had received concerning Browder's VA benefits; Browder claimed that that was for the purpose of embezzling Browder's money. Browder also contends that his agreement to the incompetency rating was contingent upon the appointment of a relative as a fiduciary, and that the RO abused its discretion in appointing Anderson as Browder's fiduciary. Browder further asserts that even if the Secretary had sole discretion to appoint Browder's fiduciary, that discretion was abused.

The government responds that the Veterans Court correctly held that it lacked jurisdiction to issue a writ of mandamus in the present circumstances. According to the government, the Veterans Court does not have authority to review decisions made by the Secretary that are entirely discretionary, such as the Secretary's appointment of a fiduciary. The government also asserts that the information in Browder's reply brief did not provide a basis for reversing the decision of the Veterans Court because the Secretary had complete discretionary authority in the appointment of Browder's fiduciary.

We agree with the government that the Veterans Court lacked jurisdiction over Browder's petition for extraordinary relief in the nature of a writ of mandamus. Under the All Writs Act, 28 U.S.C. § 1651(a), "all courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction." The

Veterans Court's jurisdiction to issue a writ of mandamus pursuant to the AWA relies not upon actual jurisdiction, but upon potential jurisdiction. Yi v. Principi, 15 Vet. App. 265, 267 (2001). "[The Veterans] Court's jurisdiction to issue the order sought by the petitioner depends upon whether the Court would have jurisdiction to review the final Board decision that would issue pursuant to that order." Id. (citing In re Fee Agreement of Cox, 10 Vet. App. 361, 371 (1997)). Here, the Veterans Court lacked appellate jurisdiction over the Secretary's appointment of Browder's fiduciary because the granting of the petition could not lead to a Board decision over which the Veterans Court would have jurisdiction.

The Veterans Court generally does not have authority to review decisions made by the Secretary that are entirely discretionary and not subject to review by the Board. See Willis v. Brown, 6 Vet. App. 433, 435-36 (1994) (dismissing for lack of jurisdiction a challenge to the Secretary's appointment of a veteran's fiduciary). As the Veterans Court stated in Darrow v. Derwinski, 2 Vet. App. 303 (1992), "[e]ven where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Id. at 306.

Here, there is no statutory grant of jurisdiction to the Board to review the appointment of a fiduciary by the Secretary pursuant to 38 U.S.C. § 5502(a)(1), and Congress has not established any standards by which to judge the Secretary's appointment of fiduciaries. 38 U.S.C. § 5502(a)(1) provides that the Secretary is authorized to assign a fiduciary duty in the best interest of the beneficiary: "[w]here it appears to the Secretary that the interest of the beneficiary would be served thereby,

payment of benefits . . . may be made directly or to a relative or some other fiduciary for the use and benefit of the beneficiary." 38 C.F.R. § 13.55(a) further provides that "[t]he Veterans Service Center Manager is authorized to select and appoint . . . the person or legal entity best suited to receive [VA] benefits in a fiduciary capacity for a beneficiary."

Because the Secretary's decision to appoint Browder's fiduciary was entirely discretionary, the Board would not have jurisdiction over Browder's challenge to that appointment. The Veterans Court therefore did not have jurisdiction to grant Browder's petition for extraordinary relief in the nature of a writ of mandamus.

We have considered Browder's remaining arguments and find them unpersuasive. Because the Veterans Court lacked jurisdiction to issue a writ of mandamus ordering the Secretary to change Browder's fiduciary, we affirm.