NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEMUEL C. BRAY,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7005

---

Appeal from the United States Court of Appeals for Veterans Claims in 11-2194, Judge Robert N. Davis.

---

Decided: April 5, 2012

---

LEMUEL C. BRAY, of Kumamotoken, Japan, pro se.

SHELLEY D. WEGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the

brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and MARTIN J. SENDEK, Attorney, Department of Veterans Affairs, of Washington, DC.

———————————

Before BRYSON, MAYER, and DYK, *Circuit Judges.*

PER CURIAM.

Lemuel C. Bray ("Bray") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), *Bray v. Shinseki*, No. 11-2194, 2011 WL 3510166 (Vet. App. Aug. 11, 2011). The Veterans Court denied Bray's petition for a writ of mandamus. Because we conclude that the Veterans Court did not abuse its discretion in denying the writ, we *affirm*.

## BACKGROUND

On July 15, 2011, Bray, a veteran, filed a petition for writ of mandamus in the Veterans Court. In his petition, Bray sought (1) an extension of time in which to bring a "substantive appeal" to the Board of Veterans' Appeals ("Board") or to the Veterans Court; (2) an earlier effective date for previously awarded disability benefits; (3) completion of several "research studies" relating to "organic brain syndromes"; and (4) permission to email, rather than mail, documents filed with the clerk. *Bray*, 2011 WL 3510166, at *1-2.

On August 11, 2011, the Veterans Court denied Bray's petition. Regarding Bray's request for an extension of time in which to bring his appeal, the Veterans Court found that Bray had not exhausted his administrative remedies and that the proper remedy was for Bray to first file his appeal. *Id.* at *1. With respect to Bray's request for an earlier effective date for his disability benefits, the

Veterans Court found that it was "unable to review these matters because they have not yet been timely appealed." *Id.* at *2. As to Bray's request for research studies, the court found that Bray had failed to show "a clear and indisputable right" to the requested relief as necessary for issuance of a writ of mandamus. *Id.* Finally, the Veterans Court denied Bray's request to file documents by email, noting that "Rule 25 of the Court's Rules of Practice and Procedure states that documents to be filed with the Clerk must be filed by either mail or fax." *Id.* This appeal followed.

## DISCUSSION

Our jurisdiction to review the decisions of the Veterans Court is limited by statute. We may review the decisions of the Veterans Court "on a rule of law or of any statute or regulation," or "any interpretation thereof" relied upon by the Veterans Court in rendering its decision. 38 U.S.C. § 7292(a). However, with the exception of appeals that "present[] a constitutional issue," this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004). Nonetheless, "[e]xcluding the review of factual issues from our jurisdiction was intended to remove from our consideration the factual details of veterans benefits cases," but "[t]here is no indication, however, that in thus limiting our jurisdiction, Congress intended to insulate from judicial review [the Veterans Court's] ruling on mandamus petitions." *Lamb v. Principi*, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002). We review the Veterans Court's denial of a writ of mandamus for abuse of discretion. *See id.* at 1384.

The writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)) (internal quotation marks omitted). A petitioner seeking a writ of mandamus must establish that (1) he has "no other adequate means to attain the relief he desires"; (2) his right to issuance of the writ is "clear and indisputable"; and (3) "the writ is appropriate under the circumstances." *Id.* at 380-81; *see also Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011). Bray fails to make such a showing in this case.

On appeal, Bray appears to primarily contend that the Veterans Court erred in denying a writ of mandamus to compel the Secretary of Veterans Affairs ("Secretary") to conduct studies on the economic and social effects of organic brain syndromes to support the promulgation of diagnostic ratings for such disabilities. However, Bray has not alleged any statute or regulation which entitles him to such relief. *See generally Browder v. Nicholson*, 177 F. App'x 989, 991 (Fed. Cir. 2006) ("The Veterans Court generally does not have authority to review decisions made by the Secretary that are entirely discretionary and not subject to review by the Board."). Thus, Bray fails to demonstrate that his right to issuance of the writ is "clear and indisputable." For that reason, we conclude that the Veterans Court's denial of Bray's petition for writ of mandamus with respect to these studies was not an abuse of discretion. We also see no error in the Veterans Court's decision to reject the other grounds for mandamus presented to the Veterans Court. To the extent that Bray raises claims and seeks relief not presented to the Veterans Court, those issues are not properly before us. Bray's Motion to Expedite is dismissed as moot.

COSTS

No costs.