NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM F. MORRIS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7127

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-0131, Judge Lawrence B. Hagel.

---

Decided: December 5, 2013

---

WILLIAM F. MORRIS, of Pulaski, Tennessee, pro se.

JENNIFER E. LaGRANGE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON,

Attorney, United States Department of Veterans Affairs, of Washington, DC.  Of counsel was CHRISTA A. SHRIBER, Attorney.

———————————

Before NEWMAN, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

William Morris appeals a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") denying his request to waive recovery of an overpayment of disability compensation.[1] Because his central contentions are beyond our jurisdiction and the constitutional issue he raises lacks merit, we affirm.

I

In 2001, the Veterans Administration ("VA") granted Mr. Morris a total disability rating based on individual unemployability ("TDIU") in response to his request for an increase in benefits for his service-connected post-traumatic stress disorder.  That award was made retroactive to 1993 and included dependency benefits for his children.  The letter informing Mr. Morris of his TDIU award explained that his "children between ages 18 and 26 may be entitled to educational assistance" and enclosed a pamphlet explaining those Dependents' Educa-

———————————

[1]    The judgment on appeal also vacated the denial of Mr. Morris's claim for a total disability rating based on individual unemployability and remanded to the Board for further proceedings.  Mr. Morris does not challenge that decision.  Even if he did, we "generally do not review the Veterans Court's remand orders because they are not final decisions."  *Ebel v. Shinseki*, 673 F.3d 1337, 1340 (Fed. Cir. 2012).

tional Assistance ("DEA") benefits. Appellee's Supplemental App. ("S.A.") 127. As the pamphlet correctly stated, a veteran may not receive dependency payments for children over the age of eighteen who receive DEA benefits. *See* 38 U.S.C. § 3562; 38 C.F.R. § 3.667(f); 38 C.F.R. § 21.3023(a)(1).

Shortly after his TDIU award, Mr. Morris requested an "immediate adjustment in [his] account for 45 months of [Dependents' Educational Assistance ("DEA")] benefits." S.A. 124. Separately, his daughter applied for and was granted DEA benefits to defray educational expenses incurred during a forty-five month period beginning in August 1994. His daughter's DEA benefits, however, coincided with the time period during which Mr. Morris had also received dependency benefits for his daughter. Since a veteran may not collect dependency payments for children who receive DEA benefits, the VA informed Mr. Morris that the DEA award to his daughter created an overpayment in dependency payments, which he would have to repay either directly or through a future reduction in his disability benefits.[2] The VA calculated that overpayment to be $8,857.36.

In several responses to the VA, Mr. Morris requested that no repayment from him should be recovered because he was not at fault. He also asked the VA to waive recovery of the overpayment because it would create a financial hardship for him.

In 2004, the VA denied Mr. Morris's waiver request. It concluded that there was no evidence of hardship because his personal assets "far exceed the amount of the

---

[2] Mr. Morris may have also been overpaid for nine days as a result of his son receiving DEA payments. The overpayment at issue here is attributable only to his daughter's duplicative benefits.

overpayment." S.A. 108. That decision, however, was vacated by the Board in 2006 and remanded for the VA to determine whether the amount of overpayment was properly calculated. In 2008, the VA again found that there was no basis for waiver and also concluded that the overpayment was properly calculated. That decision was affirmed by the Board in January 2012 and by the Veterans Court in June 2013. Mr. Morris filed a timely appeal.

## II

Our jurisdiction over this appeal is limited. We may review challenges to the validity or interpretation of a statute or regulation relied on by the Veterans Court and may interpret constitutional and statutory provisions "to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Furthermore, except to the extent that an appeal presents a constitutional issue, we have no jurisdiction to review a challenge to a "factual determination" or "law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Morris's main contentions on appeal are outside our limited jurisdiction. He primarily argues that the VA improperly calculated the overpayment amount and that waiver was appropriate because he was not at fault for the overpayment. Neither of those arguments concerns a question of law we may address. The amount of overpayment is a factual determination. We therefore may not review that finding unless the VA committed legal error in calculating the amount, an argument Mr. Morris does not make. Balancing fault against the VA's right to recover overpaid benefits is also beyond our jurisdictional reach. It requires the application of law to fact. *See McClain v. Brown*, 42 F.3d 1409 (Fed. Cir. 1994) (unpublished) (dismissing for lack of jurisdiction a challenge to a denial of waiver of overpayment of veterans benefits as a question concerning the application of law to fact).

Mr. Morris makes only one argument within our jurisdiction. He asserts that "[d]ue process is being violated in the computation and denial of waiver of the $8,857 debt." Appellant's Informal Br. Resp. No. 3. His basis for that assertion is not entirely clear, but he appears to contend that his appeal has taken too long and that he did not have a fair opportunity to present certain evidence.[3] Despite the length of the appeal process here (which we note was extended because of remand), we see no violation of Mr. Morris's constitutional right to due process. As a recipient of disability benefits, Mr. Morris has the right to due process before those benefits may be reduced to account for the overpayment. *See Cushman v. Shinseki,* 576 F.3d 1290, 1296 (Fed. Cir. 2009). That right to due process means that he had to be provided fair notice and opportunity to be heard. *See id.* We believe he was. He was informed several times of the VA's reasoning for a proposed reduction in his benefits to offset the overpayment. Before the VA, the Board, and the Veterans Court, Mr. Morris had repeated opportunities to challenge the overpayment calculation. And the Board and the Veterans Court both issued well-reasoned opinions that addressed his arguments, the VA's calculation of the overpayment amount, and the VA's grounds for denying waiver. "Whatever due process requires, it requires no

---

[3] Mr. Morris raises two other arguments that relate to his due process claim, but neither has merit. He states that the Veterans Court failed to rule on five of his motions. Before entering judgment, however, the Veterans Court did, in fact, rule on those motions. Mr. Morris also asserts that VA officials were not impartial in their decision making. He believes that they were "upset and infuriated" at being overturned by the Veterans Court in a related case, but he provides no evidence to support that conclusory accusation.

more than that." *Prinkey v. Shinseki*, No. 2012-7138, 2013 WL 6068461, at \*8 (Fed. Cir. Nov. 19, 2013).

## III

After thoroughly reviewing Mr. Morris's filings, we see no other issue or argument with merit that warrants mention. The judgment of the Veterans Court is therefore affirmed.[4]

**AFFIRMED**

COSTS

No costs.

---

[4]    Mr. Morris has moved to strike the supplemental appendix filed by the Secretary in this case. He argues that it selectively omits documents. We see no basis for that assertion. The motion is denied.