NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JERRY D. BLANEY,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7089

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-789, Judge Coral Wong Pietsch.

---

Decided: November 12, 2014

---

JERRY D. BLANEY, of Iowa Park, Texas, pro se.

ALEXANDER CANIZARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and TRACEY PARKER WARREN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before O'MALLEY, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

Jerry D. Blaney appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for writ of mandamus. *See Blaney v. Shinseki*, No. 14-0789, U.S. App. Vet. Claims LEXIS 736 (Vet. App. Apr. 30, 2014) ("Veterans Court Decision"). We *affirm* the Veterans Court's decision to dismiss Mr. Blaney's claims regarding his state criminal proceedings for lack of jurisdiction and *dismiss* Mr. Blaney's appeal relating to the merits of his case for lack of jurisdiction.

## BACKGROUND

On February 28, 2014, Mr. Blaney filed a petition for extraordinary relief in the form of a writ of mandamus at the Veterans Court. *Veterans Court Decision*, 2014 U.S. App. Vet Claims LEXIS 736, at *1. In his petition, Mr. Blaney asserted that he was a victim of a Department of Veterans Affairs ("VA") conspiracy, which led to his unlawful state criminal conviction and incarceration in Texas. To unravel the plot against him, Mr. Blaney requested that the Veterans Court convene a special investigating committee, enter summary judgment on his claims, and issue an order that would enable Mr. Blaney to sue the Veterans Court and the VA. *Id.* Mr. Blaney also asked for assistance in resolving a thirteen-year-old VA claim.

The Veterans Court denied Mr. Blaney's petition. *Id.* at *2. To grant a writ, the Veterans Court explained it must have potential jurisdiction over the claims. This means that it generally "may only grant extraordinary

relief to correct egregious oversights or errors in the VA adjudicatory process." *Id.* With respect to Mr. Blaney's complaints "about his state criminal proceedings and alleged conspiracies perpetrated by VA officials," the Veterans Court concluded they fell outside the scope of its jurisdiction. *Id.*

As for Mr. Blaney's vague allegations regarding an outstanding VA claim, the Veterans Court found that, while it may have jurisdiction over the claim, Mr. Blaney failed to provide any detail about the pending claim. *Id.* at \*3. Because the burden was on Mr. Blaney to establish that he was entitled to extraordinary relief, without any evidence as to why Mr. Blaney required a writ, the Veterans Court determined a writ was not warranted in this case. *Id.* Even assuming arguendo that the VA claim referenced by Mr. Blaney was one of his pending VA claims, the Veterans Court further explained it had recently determined that the VA was adequately processing these claims. *Id.* at \*4 (citing *Blaney v. Shinseki*, No. 13-3040, 2014 U.S. App. Vet Claims LEXIS 115 (Vet. App. Jan. 29, 2014)). Thus, absent proof that the Veterans Court's earlier decision was incorrect, there was no basis to grant Mr. Blaney the relief he requested. Therefore, the Veterans Court denied Mr. Blaney's petition.

Mr. Blaney timely appealed the Veterans Court's decision to this court.

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute. Pursuant to 38 U.S.C. § 7292(a), the court may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Unless the case presents a constitutional issue, the court may not review "a challenge to a factual determination," or "a challenge to

a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). For appeals involving a denial of a petition for writ of mandamus, the court has jurisdiction to review the denial if it involves a non-frivolous legal question. *See Beasley v. Shineski*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) ("This court has jurisdiction to review the CAVC's decision whether to grant a mandamus petition that raises a non-frivolous legal question . . . . We may not review the factual merits of the veteran's claim . . . ."); *see also Lamb v. Principi*, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002). Such legal determinations are reviewed without deference. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 2001).

Here, the government argues that the court should dismiss Mr. Blaney's appeal for lack of jurisdiction, citing Mr. Blaney's own admission in his opening brief that the Veterans Court's decision did not involve the validity or interpretation of a statute or regulation and did not decide a constitutional issue. Appellee Br. at 7–8. While Mr. Blaney does indicate in his informal brief that the Veterans Court decision did not involve a purely legal question, it is clear he believes that this court has the ability to help him. In his appeal, Mr. Blaney alleges that the Veterans Court had no grounds to dismiss his case for lack of jurisdiction. Appellant Reply at 2. Mr. Blaney also contends that the Veterans Court erred when it failed to properly consider the merits of his appeal, arguing his petition should have been granted because the facts of his case are extraordinary. *Id.*

## A. Jurisdiction

Whether the Veterans Court had jurisdiction to issue a writ of mandamus is a question of law. *See Browder v. Nicholson*, 177 F. App'x 989, 991 (Fed. Cir. 2006) (explaining that inquiries regarding the Veterans Court's jurisdiction are questions of law reviewable by this court). We

therefore may review the Veterans Court's jurisdictional analysis.

Under the All Writs Act, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction[]." 28 U.S.C. § 1651. With respect to the Veterans Court, its ability to issue a writ of mandamus depends upon its potential jurisdiction, not its actual jurisdiction. *See In re Fee Agreement of Cox*, 10 Vet. App. 361, 370–71 (Vet. App. 1997). Accordingly, the Veterans Court lacks jurisdiction to issue a writ of mandamus if the grant of the petition could not lead to a Board of Veterans' Appeals decision over which the Veterans Court would have jurisdiction. *Browder*, 177 F. App'x at 991 (citing *Yi v. Principi*, 15 Vet. App. 265, 267 (Vet. App. 2001)); *see* 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."); *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) ("[T]he Court of Veterans Appeals is limited to the jurisdiction set forth in chapter 72 of title 38 of the United States Code . . . .").

The Veterans Court found that Mr. Blaney's arguments regarding his state criminal proceedings and the alleged VA conspiracy went beyond the scope of its jurisdiction. *Veterans Court Decision*, 2014 U.S. App. Vet Claims LEXIS 736, at \*2. Because Mr. Blaney's complaints surrounding the circumstances of his incarceration do not involve a claim for veteran benefits, the Veterans Court did not have jurisdiction to grant Mr. Blaney's petition as to these claims. *See* 38 U.S.C. § 7104 (describing the jurisdiction of the Board of Veterans' Appeals). Accordingly, the Veterans Court did not err when it dismissed this portion of Mr. Blaney's petition for lack of jurisdiction.

## B. Conditions for a Writ

Whether Mr. Blaney satisfied the requirements for a writ of mandamus is a challenge to the Veterans Court's application of law to facts. In his appeal, Mr. Blaney also argues that the facts of his case entitle to him to a writ of mandamus, and asks the court to reevaluate his case. This allegation, however, goes beyond the scope of the court's jurisdiction. *See Beasley*, 709 F.3d at 1158. Therefore, Mr. Blaney's claim that the Veterans Court failed to properly consider the merits of his case is dismissed.

## CONCLUSION

In light of the foregoing, we affirm the Veterans Court's decision regarding jurisdiction and dismiss Mr. Blaney's appeal relating to the merits of his case for lack of jurisdiction.

**AFFIRMED-IN-PART, DISMISSED-IN-PART**

## COSTS

No costs.