NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM F. MORRIS,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1573

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2862, Judge Lawrence B. Hagel.

---

Decided: June 14, 2016

---

WILLIAM F. MORRIS, Pulaski, TN, pro se.

ANAND RAVI SAMBHWANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; Y. KEN LEE, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––––

Before TARANTO, CLEVENGER, and CHEN, *Circuit Judges.*

PER CURIAM.

William F. Morris seeks review of the decision of the United States Court of Appeals for Veterans Claims (Veterans Court), dismissing for lack of jurisdiction his request for the Veterans Administration (VA) to return an overpayment in the amount of $8,857, and affirming a decision of the Board of Veterans' Appeals (Board), which had denied his claim for an earlier effective date for total disability based on individual unemployability (TDIU). *Morris v. McDonald*, No. 14-2862, 2016 WL 147901 (Vet. App. Jan. 13, 2016). We find that the Veterans Court properly determined that it lacked jurisdiction over the overpayment issue. We dismiss Mr. Morris' remaining arguments for lack of jurisdiction, and to the extent that his appeal makes out a constitutional claim over which we would have jurisdiction, we reject that claim.

BACKGROUND

Mr. Morris served on active duty in the U.S. Army from October 1966 to September 1969. He first sought a TDIU claim in an October 1989 personal hearing. At that time, the VA had determined that Mr. Morris had service-connected disabilities from a right thigh gunshot wound, with muscle damage, and post-traumatic stress disorder (PTSD), with a 70 percent combined rating. In March 1990, the VA regional office (RO) denied his TDIU claim, and he appealed to the Board. In May 1991, the Board affirmed the March 1990 rating decision, and Mr. Morris appealed to the Veterans Court, which affirmed the Board's decision in August 1992. Mr. Morris did not appeal this decision. Although he later attempted to reopen the May 1991 Board decision based on clear and unmistakable error (CUE), the Board denied his request,

and we affirmed. *Morris v. Nicholson*, 122 F. App'x 473, 476 (Fed. Cir. 2005).

On July 28, 1993, Mr. Morris requested an increased rating for PTSD, stating that he had "lost another job." Although the RO and the Board initially denied his claim throughout several successive proceedings, the Board eventually granted Mr. Morris TDIU in July 2000, and in May 2001, the RO assigned his effective date for TDIU of July 28, 1993. Mr. Morris submitted a Notice of Disagreement, requesting an earlier effective date for TDIU of October 1989. In February 2007, the RO denied Mr. Morris' request for the earlier effective date, and the Board affirmed in January 2012. In June 2013, the Veterans Court vacated the January 2012 Board decision and remanded on the issue of an earlier effective date because the Board had failed to consider Mr. Morris' service-connected PTSD. In August 2014, the Board found that the VA received Mr. Morris' claim for increased rating for PTSD in July 1993, and "[n]o evidence has been presented which shows that [Mr. Morris] was unemployable as a result of service-connected disability within the one year period prior to July [] 1993." *Morris*, 2016 WL 147901, at *3. In January 2016, the Veterans Court affirmed, noting that the Board found no evidence of a worsening of his TDIU within the one year period prior to July 1993. Mr. Morris appeals this decision.

Meanwhile, the VA discovered an overpayment issue because Mr. Morris had been receiving a dependency allowance for his daughter, who was over the age of 18 and simultaneously receiving Chapter 35 educational benefits. In September 2003, the RO sent Mr. Morris a letter notifying him of the overpayment issue, and Mr. Morris requested a waiver from recovery of the overpayment. After several proceedings before the RO and the Board, in January 2012, the Board denied his request for waiver, finding that although both Mr. Morris and the VA were both at fault for the overpayment, there was no

indication that return of the overpayment would result in financial hardship, the original purpose of the overpayment (educational assistance) was no longer applicable, failure to make restitution would result in unfair gain, and there was no evidence that Mr. Morris relied on the overpayment to his detriment. The Veterans Court affirmed in June 2013, denying Mr. Morris' request to waive recovery of the overpayment in the amount of $8,857.

In its June 2013 decision, the Veterans Court reviewed both the earlier effective date issue and the overpayment issue, but it remanded to the Board only on the earlier effective date issue. However, rather than wait for the Board to complete its review of the earlier effective date issue on remand, Mr. Morris elected to appeal immediately the Veterans Court's ruling on the overpayment issue, and we affirmed in December 2013. *Morris v. Shinseki*, 549 F. App'x 973, 976 (Fed. Cir. 2013). Mr. Morris later attempted to reopen the Board's January 2012 decision on the overpayment issue based on CUE, but the Board dismissed his claim in August 2014, finding that its January 2012 decision was subsumed by the decisions of the Veterans Court and the Federal Circuit. The Board noted that any challenge would have to be done through a motion for extraordinary relief from the Veterans Court.

Subsequently, when the earlier effective date issue returned to the Veterans Court in January 2016, Mr. Morris also presented argument on the overpayment issue in his reply brief to the Veterans Court. The Veterans Court declined to address the overpayment issue because it was not properly on appeal and it was improperly raised for the first time in his reply brief. Mr. Morris now seeks reversal of the Veterans Court on both the overpayment issue and the denial of an earlier effective date. Mr. Morris contends that the VA should return the overpayment of $8,857 because the benefit-of-the-doubt rule

should favor the veteran when both the VA and the veteran are at fault. As for the denial of the earlier effective date, he argues that the Veterans Court did not consider his increase in PTSD rating to 70% and an attorney letter describing the loss of another job.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except when a veteran brings a constitutional challenge, we lack jurisdiction to review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Morris asserts that his appeal falls under our jurisdiction because it (1) addresses the validity or interpretation of a statute or regulation and (2) raises a constitutional challenge.

We first consider whether Mr. Morris' appeal addresses any determination by the Veterans Court on the validity or interpretation of a statute or regulation. Mr. Morris asserts that his appeal challenges the validity or interpretation of 38 U.S.C. § 5107(b) because he seeks return of the overpayment based on the benefit-of-the-doubt rule. Section 5107(b) directs that the VA shall give the benefit of the doubt to the veteran when there is "an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter." Mr. Morris contends that the Veterans Court erred by not considering his request to return the overpayment. The Veterans Court applied its own jurisdictional statute, 38 U.S.C. § 7252(a), to find that it lacked jurisdiction to review the overpayment issue because this issue was not

properly on appeal. *Morris*, 2016 WL 147901, at \*4. We find that the Veterans Court correctly found that it lacked jurisdiction under § 7252(a) because the Board decision on review before the Veterans Court did not cover the overpayment issue, which we note was already decided by the RO, the Board, the Veterans Court, and this court in the previous proceeding. *See Morris*, 549 F. App'x at 975. We affirm the Veterans Court's finding of lack of jurisdiction over the overpayment issue. *See Andre v. Principi*, 301 F.3d 1354, 1363–64 (Fed. Cir. 2002).

Even if Mr. Morris' arguments on the overpayment issue before the Veterans Court could be construed as an appeal of the Board's denial of his claim for CUE and a motion for extraordinary relief, we lack jurisdiction over that challenge because the Veterans Court "simply applied the jurisprudential rule that 'an issue not raised by an appellant in its opening brief . . . is waived.'" *Id.* at 1363 (quoting *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990)). "[A]ll that transpired in the Veterans Court" was that Mr. Morris did "not brief[] the CUE claims that had been decided by the BVA and the court then applying the abandonment rule." *Id.* The Veterans Court's application of the abandonment rule to find waiver of an issue is not a claim within our jurisdiction. *See id.* at 1363–64.

Mr. Morris also appeals under 38 C.F.R. § 3.400(o)(2), which provides that an effective date can be awarded for up to one year before the date of a claim for increased compensation. The Veterans Court found that "an increase in a veteran's service-connected disability must have occurred during the one year prior to the date of the veteran's claim in order to receive the benefit of an earlier effective date." *See Gaston v. Shinseki*, 605 F.3d 979, 984 (Fed. Cir. 2010). Again, Mr. Morris does not challenge the validity or interpretation of this regulation, but the Veterans Court's application of the regulation to the facts of

his case because he contends that his increased PTSD rating of 70% and an attorney letter describing the loss of Mr. Morris' job merits an earlier effective date. We lack jurisdiction over such a challenge.

Second, we consider Mr. Morris' contention that his appeal involves a constitutional challenge based on due process for both the overpayment issue and the earlier effective date. To the extent that we have jurisdiction over this challenge, we find that Mr. Morris' claims lack merit because he received notice and a fair opportunity to be heard. "Due process of law has been interpreted to include notice and a fair opportunity to be heard." *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009). On the overpayment issue, the RO denied Mr. Morris' request for a waiver in October 2008, the Board affirmed in January 2012, and the Veterans Court affirmed in June 2013. In December 2013, we affirmed, holding that Mr. Morris received fair notice and an opportunity to be heard because he had been given several opportunities to challenge the overpayment issue before the VA, the Board, and the Veterans Court. *Morris*, 549 F. App'x at 975. As we noted then, "[w]hatever due process requires, it requires no more than that." *Id.*

On the denial of his request for an earlier effective date for TDIU, Mr. Morris does not dispute that the RO, the Board, and the Veterans Court adjudicated his claim. He also does not argue that he was denied notice or an opportunity to be heard, but instead alleges that the Veterans Court failed to consider certain evidence in ruling against him. Mr. Morris is really arguing the merits of his claim rather than raising a separate constitutional contention. His "characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). We see no violation of any constitutional principle in the record below.

CONCLUSION

We find that the Veterans Court properly found that it lacked jurisdiction to decide the overpayment issue. As for Mr. Morris' remaining arguments, we lack jurisdiction to consider his challenges to the Veterans Court's rulings on abandonment and an earlier effective date. To the extent that Mr. Morris raises a constitutional claim over which we would have jurisdiction, we reject this claim.

**AFFIRMED**

COSTS

No Costs.