NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WILLIAM F. MORRIS,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2017-1054

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-2470, Chief Judge Lawrence B. Hagel.

_____

Decided: February 17, 2017

_____

WILLIAM F. MORRIS, Pulaski, TN, pro se.

MELISSA BAKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* MOORE and CHEN, *Circuit Judges.*

PER CURIAM.

William Morris appeals an August 22, 2016, decision of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing his petition for a writ of mandamus. Because this court has already determined, in a previous appeal, that it lacks jurisdiction over Mr. Morris's primary argument and that the constitutional issue he raises lacks merit, we affirm. *See Morris v. Shinseki*, 549 F. App'x 973, 974 (Fed. Cir. 2013).

I

Mr. Morris actively served with the United States Army from October 1966 to September 1969. After his separation from the Army, Mr. Morris received a dependency allowance for his daughter while she was also receiving Chapter 35 educational benefits. In September 2003, the Department of Veterans Affairs ("VA") notified Mr. Morris that this duplication of benefits constituted an overpayment of $8,857.36 which Mr. Morris would need to repay. Mr. Morris requested a waiver from recoupment of the overpayment, which the Board of Veterans Appeals ("Board") denied in January 2012. The Veterans Court and this court affirmed the Board's decision in 2013. *See id.* at 976.

On July 1, 2016, Mr. Morris filed a petition "for extraordinary relief" with the Veterans Court, which that court treated as a petition for a writ of mandamus, seeking, once again, waiver for the return of the overpayment. The Veterans Court dismissed this petition for lack of jurisdiction. Mr. Morris appeals that dismissal here.

## II

Our jurisdiction over this appeal is limited. We may only review challenges to the validity or interpretation of a statute or regulation relied on by the Veterans Court and may interpret constitutional and statutory provisions "to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Further, unless an appeal presents a constitutional issue, we have no jurisdiction to review a challenge to a "factual determination" or "law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Morris's main contention on appeal is outside our limited jurisdiction. Mr. Morris contends that "when both [the VA and the veteran] are at fault [for overpayment,] the decision is to be in favor of the veteran and [because] in this case both were determined to be [at] fault," he is entitled to a waiver of repayment of overpayment. Appellant's Br. Question 4. As we already explained in *Morris*, however, balancing the VA's fault in the overpayments against the VA's right to recover overpaid benefits is beyond our jurisdictional reach because it requires the application of law to fact. 549 F. App'x at 975. Therefore, we are powerless to address Mr. Morris's argument on appeal.

Mr. Morris further asserts that "the [Veteran's] Court is denying [him] due process guaranteed in the U.S. Constitution." Appellant's Br. Question 5. Although we have jurisdiction over this constitutional question, we also already addressed this issue in *Morris*. 549 F. App'x at 975. "As a recipient of disability benefits, Mr. Morris has the right to due process before those benefits may be reduced to account for the overpayment." *Id.* (citing *Cushman v. Shinseki,* 576 F.3d 1290, 1296 (Fed. Cir. 2009)). "That right to due process means that he had to be provided fair notice and opportunity to be heard." *Id.* As we have already explained, we believe Mr. Morris was

provided fair notice and several opportunities to be heard. Mr. Morris was informed several times of the VA's reasoning for a proposed reduction in his benefits to offset the overpayment, he had repeated opportunities to challenge the overpayment calculation, and the Board and the Veterans Court both issued well-reasoned opinions that addressed his arguments. *Id.*

## III

After carefully reviewing Mr. Morris's filings, we see no other meritorious issues or arguments. The judgment of the Veterans Court is therefore affirmed.

**AFFIRMED**

COSTS

The parties shall bear their own costs.