NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FREDERICK C. FERMIN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1482

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-7258, Judge William S. Greenberg.

_____

Decided: October 24, 2023

_____

FREDERICK C. FERMIN, San Antonio, TX, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

_____

Before CHEN, STOLL, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Frederick C. Fermin appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for extraordinary relief. *Fermin v. McDonough*, No. 22-7258, 2023 WL 234755 (Vet. App. Jan. 18, 2023) ("*Petition Order*"). For the reasons discussed below, we *affirm* the Veterans Court's decision regarding jurisdiction and *dismiss* for lack of jurisdiction Mr. Fermin's appeal as it relates to his challenges to factual determinations or the law as applied to the facts.

## I.    BACKGROUND

Mr. Fermin served in the U.S. Army and received service-connected disability ratings. *See* S. App. 3.[1] After a series of proceedings concerning Mr. Fermin's ratings, the Veterans Court remanded the matter to the Board of Veterans' Appeals ("Board") to address a January 2004 medical record and how it may relate to Mr. Fermin's service-connected disability ratings. *See* S. App. 3; App. 19–22.[2] In September 2021, the Board addressed the medical record and denied Mr. Fermin's claim for an earlier effective date for special monthly compensation under 38 U.S.C. § 1114(p) at a rate intermediate between subsections (l) and (m) for additional independent fifty percent disabilities. *See* App. 19, 22–25; S. App. 3. Mr. Fermin appealed, and the Veterans Court issued a series of decisions. *See* Case No. 21-7853 ("the 21-7853 matter"). First, the Veterans Court affirmed the Board's decision, explaining that

---

[1]    "S. App." refers to the supplemental appendix attached to Appellee's Informal Brief, ECF No. 22.

[2]    "App." refers to materials attached to Mr. Fermin's Informal Opening Brief, ECF No. 16. Any citations to these materials, this docket entry, or to Mr. Fermin's Informal Opening Brief refer to the ECF page number.

Mr. Fermin failed to show that the Board erred in its treatment of the medical record. *See Fermin v. McDonough*, No. 21-7853, 2022 WL 1565248, at \*1–2 (Vet. App. May 18, 2022) ("*Decision*"); *see also* S. App. 2–5. Next, Mr. Fermin filed multiple motions leading to the Veterans Court issuing a panel order, denying the motion to reconsider the earlier single-judge decision and confirming that earlier decision remained the decision of the Veterans Court. *See Fermin v. McDonough*, No. 21-7853, 2022 WL 2046114, at \*1 (Vet. App. June 7, 2022) ("*Panel Order*"). Mr. Fermin subsequently filed a motion for full court review, which the Veterans Court denied. *See Fermin v. McDonough*, No. 21-7853, 2022 WL 2867100, at \*1 (Vet. App. July 21, 2022).

Mr. Fermin filed a petition for extraordinary relief from the "false judgment" entered in the 21-7853 matter, and the Veterans Court denied the petition.[3] *See Petition Order* at \*1; S. App. 30–31. In denying the petition, the Veterans Court explained that its "writ authority is limited to issuing writs in aid of the [Veterans] Court's jurisdiction." *Petition Order* at \*1; *see* 28 U.S.C. § 1651(a). The Veterans Court further explained that it "already decided" the challenge raised by Mr. Fermin "first as a single-judge decision, and then as a panel decision" in the 21-7853 matter. *Petition Order* at \*1. "Though [Mr. Fermin] disagree[d] with the outcome of the judgment entered under docket number 21-7853," the Veterans Court could not "issue a writ or provide the relief" sought by Mr. Fermin in the 22-7258 matter. *Id.* After denying Mr. Fermin's petition, the Veterans Court entered judgment in the 22-7258 matter in February 2023. *See* App. 3. Mr. Fermin now appeals.

---

[3] The petition was denied in an order docketed under Case No. 22-7258 ("the 22-7258 matter").

## II.  DISCUSSION

As a preliminary matter, Mr. Fermin appears to attempt to appeal from the judgment entered in the 21-7853 matter.  *See* Appellant's Informal Opening Br. 15–16; ECF No. 16 at 5.  To be timely, a notice of appeal must be filed within sixty days of the entry of the Veterans Court's judgment.  *See* 28 U.S.C. § 2107(b), 38 U.S.C. § 7292(a).  The parties agree that Mr. Fermin did not timely appeal the 21-7853 matter to this court.  *See* Appellant's Informal Opening Br. 15; ECF No. 16 at 5; Appellee's Informal Br. 11–12.  Although Mr. Fermin appears to ask this court to excuse his lateness due to mail and computer issues, *see* Appellant's Informal Opening Br. 15–16; ECF No. 16 at 5, we cannot do so because the statutorily prescribed time for filing appeals from the Veterans Court to this court is mandatory and jurisdictional.  *See Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011); *Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013).  Accordingly, we do not have jurisdiction over any appeal regarding the 21-7853 matter.

Regarding the 22-7258 matter, Mr. Fermin appeals from the Veterans Court's denial of his petition for extraordinary relief from the alleged "false judgment" entered in the 21-7853 matter.  *See Petition Order* at *1; ECF No. 1 at 5–6; ECF No. 16 at 5–6.  In the underlying order, the Veterans Court explained that Mr. Fermin's petition raised a challenge to an issue "already decided" by the Veterans Court in the 21-7853 matter.  *See Petition Order* at *1.  The Veterans Court explained that its writ authority did not extend to Mr. Fermin's request to effectively reconsider the 21-7853 matter because the Veterans Court's "writ authority is limited to issuing writs in aid of the [Veterans] Court's jurisdiction."  *Id.*; *see* 28 U.S.C. § 1651(a).  To the extent Mr. Fermin argues that the Veterans Court erred in determining that it lacked jurisdiction, and thereby writ authority, we disagree.

Under the All Writs Act, the Veterans Court "may issue all writs necessary or appropriate in aid of [its] respective jurisdiction[]." 28 U.S.C. § 1651(a). We review de novo whether the Veterans Court "properly declined to assert jurisdiction." *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002) (citation omitted). The Veterans Court correctly determined here that it lacked jurisdiction over Mr. Fermin's challenge to the 21-7853 matter because its jurisdiction is limited to review of decisions from the Board, *see* 38 U.S.C. § 7252(a), and the 21-7853 matter was resolved by the Veterans Court in a single-judge decision and panel order. *See Decision* at *1–2; *Panel Order* at *1; *see also Morris v. Shulkin*, 677 F. App'x 681, 681–82 (Fed. Cir. 2017) (affirming judgment of the Veterans Court, explaining that "this court has already determined, in a previous appeal, that it lacks jurisdiction over [Appellant's] primary argument and that the constitutional issue he raises lacks merit"). Therefore, we affirm the Veterans Court's decision regarding jurisdiction. *See, e.g.*, *Blaney v. McDonald*, 590 F. App'x 986, 989 (Fed. Cir. 2014); *Jackson v. Wilkie*, 839 F. App'x 463, 465 (Fed. Cir. 2020).

Mr. Fermin's remaining challenges to the Veterans Court's denial of his petition for extraordinary relief fall outside of our jurisdiction. Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We have jurisdiction to review "all relevant questions of law," but lack jurisdiction to review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that those challenges raise a constitutional issue. 38 U.S.C. § 7292(d).

Mr. Fermin raises a series of arguments that merely challenge either the law as applied to the facts or factual determinations made by the Veterans Court and the Board in the 21-7853 matter. Mr. Fermin primarily argues that the Board fraudulently concealed the January 2004 medical record and violated various statutes and regulations,

and the Veterans Court failed to rectify these issues in the 21-7853 matter. *See, e.g.,* Appellant's Informal Opening Br. 15–16; ECF No. 16 at 5–6; Appellant's Informal Reply Br. 1–3; ECF No. 29 at 2–3. As we have explained, the 21-7853 matter is not on appeal here, and we lack jurisdiction over any challenge to that matter. To the extent Mr. Fermin argues that the Veterans Court in the 22-7258 matter erred in its assessment of such underlying facts, we likewise lack jurisdiction to review any such factual determinations. *See* 38 U.S.C. § 7292(d); *see also Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) ("We may not review the factual merits of the veteran's claim," and "we do not interfere with the CAVC's role as the final appellate arbiter of the facts underlying a veteran's claim[.]").

Mr. Fermin also argues that the Veterans Court violated a series of statutes and regulations, including 38 U.S.C. §§ 110, 7112 and 38 C.F.R. § 3.957. *See* Appellant's Informal Opening Br. 15. However, in its order denying Mr. Fermin's petition for extraordinary relief, the Veterans Court neither relied on nor interpreted the statutes and regulations raised in Mr. Fermin's briefing. *See Petitioner Order* at *1. At most, Mr. Fermin challenges the application of a statute or regulation to the facts of his case. We therefore lack jurisdiction over any such argument. *See Githens v. Shinseki,* 676 F.3d 1368, 1372 (Fed. Cir. 2012) ("We have no jurisdiction over an issue of interpretation that does not exist."); 38 U.S.C. § 7292(d).

Mr. Fermin further raises an alleged constitutional due process violation. *See* Appellant's Informal Opening Br. 15. However, Mr. Fermin's purported due process challenge contests the merits of the Veterans Court's and the Board's decisions in the 21-7853 matter over which we lack jurisdiction. *See id.* (arguing that the Veterans Court "approved" of the Board's "lying to the [Veterans] Court" about the January 2004 medical record, "which is in violation [of] due process of law"). Moreover, Mr. Fermin's due process challenge is constitutional in name only and therefore not

reviewable by this court. *See Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) ("[T]he appellant's characterization of [the] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.") (cleaned up).

### III. MOTIONS AND OTHER FILINGS

Mr. Fermin moves "for leave to restate [a] claim for brain damage . . . based on new evidence," ECF No. 19 at 1 (emphases removed), and for leave to "submit proof . . . [of a] diagnosis of brain damage," ECF No. 24 at 1. In both motions, Mr. Fermin appears to seek to submit alleged new medical evidence for our consideration. *See* ECF No. 19 at 1–2; ECF No. 24 at 1–2. We deny these motions raising challenges to factual determinations, recognizing that we lack jurisdiction to review Mr. Fermin's alleged new evidence. *See* 38 U.S.C. § 7292(d).

Additionally, Mr. Fermin asks this court to "enforce" our judgment and mandate in Mr. Fermin's previous appeal, Appeal No. 20-1680. ECF No. 5 at 1–2; *see also* ECF No. 15 at 2 ("constru[ing] ECF No. 5 as additional continuation pages and appendix material to Mr. Fermin's informal opening brief"). In Appeal No. 20-1680, Mr. Fermin appealed from a Veterans Court decision affirming the Board's finding of no clear and unmistakable error. *See Fermin v. Wilkie*, 816 F. App'x 488, 488–91 (Fed. Cir. 2020). This court dismissed Mr. Fermin's appeal for lack of jurisdiction, entered judgment, and issued a formal mandate. *See id.*; App. 42 (mandate), 44 (judgment). Mr. Fermin argues that the Board and Appellee "failed to comply" with this court's judgment and mandate, ECF No. 5 at 1–2, but offers no support for this allegation. Accordingly, we deny Mr. Fermin's request.

Lastly, Mr. Fermin moves "to expedite proceedings," ECF No. 31 at 1, which is mooted by the issuance of this decision.

### IV. CONCLUSION

We have considered Mr. Fermin's remaining arguments and find that they either do not raise issues within our jurisdiction or are unpersuasive. For the reasons discussed above, we *affirm* the Veterans Court's decision regarding jurisdiction and *dismiss* for lack of jurisdiction Mr. Fermin's appeal as it relates to his challenges to factual determinations or the law as applied to the facts.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

### COSTS

No costs.