**Virginia B. DARROW, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1225.**

United States Court of Veterans Appeals.

Argued March 3, 1992.

Decided April 17, 1992.

George T. Estry (non-attorney practitioner), for appellant.

Deborah Singleton, with whom Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel and Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Associate Judges.

FARLEY, Associate Judge:

Virginia B. Darrow, appellant and widow of veteran Harold M. Darrow, appeals an August 15, 1990, Board of Veterans' Appeals (Board or BVA) decision. The BVA ruled that an administrative grant of partial equitable relief by the Secretary of Veterans Affairs (Secretary) under 38 U.S.C. § 503(a) (formerly § 210(c)(2)) was not a matter falling within the appellate jurisdiction of the BVA, and therefore, no issue was properly before the Board for review. Because there is neither a statutory nor a regulatory provision for appellate review by the Board of awards of equitable relief by the Secretary under 38 U.S.C. § 503(a), the decision of the BVA is affirmed.

I.

In 1985, the veteran died and appellant applied for death benefits. An October 1, 1985, rating decision awarded service connection for the cause of death which was listed as emphysema. SR. at 5. Subsequently, in a memorandum dated November 3, 1988, the Director of the Compensation & Pension Service (Director) advised the Administrator (Secretary) that errors had been made in past Veterans' Administration (now the Department of Veterans Affairs) (VA) decisions and recommended that he "grant equitable relief under 38 U.S.C. [§ 503(a)] in the amount of $3477.00." R. at 16, 20. The Secretary approved the Director's recommendation and granted equitable relief to appellant in the amount of $3477.00. R. at 21–23.

Appellant sought reconsideration of the Secretary's decision, arguing that the amount of equitable relief should have been computed based upon a disability rating of 100% rather than 70%. The request for reconsideration was denied by the adjudication officer in a letter dated June 15, 1989, which also advised appellant that "any grant of equitable relief under the

provisions of 38 U.S.C. [§ 503(a)] is not appealable." R. at 29.

Appellant, in a letter dated February 23, 1990, by her representative, took express issue with the statement that a decision by the Secretary with respect to equitable relief could not be appealed to the BVA and argued that only the BVA could determine whether it had jurisdiction to review denials or partial grants of equitable relief. R. at 31. The VA was asked to treat the letter as a Notice of Disagreement, to issue a Statement of the Case, and to "let the Board decide whether it has jurisdiction over this issue." *Id.*

A Statement of the Case was issued (R. at 33–35) and on August 15, 1990, the BVA ruled:

> The provisions of 38 U.S.C. [§ 503(a)] specifically vest the authority to grant equitable relief in the Secretary of Veterans Affairs. This authority has not been delegated to the Board of Veterans Appeals [sic], and equitable relief is not a "benefit" under the laws administered by the Department of Veterans Affairs. A request for equitable relief, or an appeal from a less than complete grant of equitable relief, is thus not a matter falling within the appellate jurisdiction of the Board of Veterans Appeals [sic], and the Board has no authority to assume jurisdiction of the matter. The appellant's appeal must be dismissed.

*Virginia B. Darrow*, BVA 90–28045, at 3 (Aug. 15, 1990). A timely Notice of Appeal was filed with this Court on October 25, 1990.

## II.

The issue presented in this appeal is whether the BVA has jurisdiction to review a grant of equitable relief by the Secretary under 38 U.S.C. § 503(a). It may be helpful first to distinguish the Secretary's authority to grant relief based upon principles of equity from his authority to award benefits based upon statutory entitlements.

Congress has enacted statutes which create entitlement to benefits for those eligible in specifically defined situations. *See, e.g.,* 38 U.S.C. § 1110 (compensation for disability resulting from wartime service); 38 U.S.C. § 1131 (compensation for peacetime disability); 38 U.S.C. §§ 1121, 1141 (survivors' benefits); 38 U.S.C. § 1151 (injury resulting from hospitalization or vocational rehabilitation); 38 U.S.C. § 3461 (educational assistance); 38 U.S.C. § 3702 (housing loans). When a veteran submits a claim for a benefit under one or more of the entitlement statutes, the Secretary must determine whether the claimant is legally and factually eligible to receive the benefit claimed. Section 511(a), title 38, authorizes the Secretary to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."

In point of fact, very few decisions on claims for benefits under the Congressionally-enacted entitlements are actually made by the Secretary. The Secretary is authorized under 38 U.S.C. § 512(a) (formerly § 212(a)) to "assign functions and duties, and delegate, or authorize successive redelegation of, authority to act and to render decisions, with respect to all laws administered by the Department, to such officers and employees as the Secretary may find necessary." Pursuant to § 512(a), the Secretary has delegated his authority under § 511(a) to decide questions of fact and law, i.e., to adjudicate claims for benefits, to personnel in the VA Regional Offices (ROs). *See, e.g.,* 38 C.F.R. §§ 2.67, 3.100(a) (1991) (authorizing the Chief Benefits Director and supervisory and adjudicatory personnel of the Veterans Benefits Administration to make findings and decisions "as to entitlement of claimants to benefits"). The Secretary's authority under § 511(a) is exercised literally thousands of times a day in accordance with numerous regulations promulgated by the Secretary to guide ROs in adjudicating claims for benefits. *See generally,* 38 C.F.R., Part 3.

A veteran dissatisfied with a decision rendered on a claim for benefits has the statutory right to have that decision reviewed by the Board of Veterans' Appeals. Pursuant to 38 U.S.C. § 7104 (formerly

§ 4004), "[a]ll questions in a matter which under section [511(a) ] of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board."

### III.

In 1966, Congress authorized the then Administrator to grant whatever relief he determined to be equitable in those instances where he concluded that benefits had been denied due to an administrative error. *See* Veterans Hospitalization and Medical Services Modernization Amendments of 1966, Pub.L. No. 89–785, Title III § 301, 80 Stat. 1376 (1966). The Secretary's authority to grant relief based on the principles of equity is separate and distinct from his authority to determine entitlement to benefits under the law. The present version of this authority to award equitable relief is 38 U.S.C. § 503(a) which provides:

> If the Secretary determines that benefits administered by the Department have not been provided by reason of administrative error on the part of the Federal Government or any of its employees, the Secretary may provide such relief on account of such error as the Secretary determines equitable, including the payment of moneys to any person whom the Secretary determines is equitably entitled to such moneys.

The unusual nature of this grant of equitable authority was later underscored by the statutory requirement that the Secretary report annually to Congress on "the disposition of each case recommended to the Secretary for equitable relief under this section during the preceding calendar year." 38 U.S.C. § 503(c) (formerly 38 U.S.C. § 210(c)(3)(B)). *See* Veterans' Compensation and Relief Act of 1972, Pub.L. No. 92–328, Title II, § 201, 86 Stat. 396 (1972).

It was understood that the authority to grant equitable relief was to be exercised personally by the Secretary rather than delegated to subordinates. Donald E. Johnson, then the VA Administrator, specifically wrote, in a letter to the Speaker of the House of Representatives, that "[t]he implementing regulations require a personal determination by the Administrator [Secretary] on recommendations for relief...." H.Rep. No. 92–1125, 92d Cong., 2d Sess. 14, *reprinted in* 1972 U.S.C.C.A.N. (86 Stat.) 2708, 2719 (the Administrator stating that 38 U.S.C. § 210(c)(3), proposed at that time, would be administered in the same manner as § 210(c)(2), enacted in 1966).

Thereafter, in 1972, the Secretary confirmed this understanding by promulgating 38 C.F.R. § 2.7, which specifically states that the Secretary's authority to grant equitable relief "has not been delegated and is reserved to the Secretary." 38 C.F.R. § 2.7(c) (1991). *See* 37 Fed.Reg. 22864, October 26, 1972, *as amended at* 49 Fed.Reg. 30693, Aug. 1, 1984; 54 Fed.Reg. 34981, Aug. 23, 1989. The regulation also delineates the procedures to be used for initiating requests for equitable relief and provides for the channelling of requests from the originating components through the General Counsel to the Secretary for a decision. *Id.*

While Congress specifically created a right to appeal a decision on a claim for benefits made in the exercise of the Secretary's § 511(a) authority, there is no analogous statutory grant of jurisdiction to the Board to review, paraphrasing § 7104(a), a matter which under section 503(a) of this title is subject to a decision by the Secretary. Congress has not provided for an appeal of the exercise of the Secretary's equitable relief authority under § 503(a) to the Board. In defining the jurisdiction of the Board, Congress confined it to "[a]ll questions in a matter which under section [511(a) ] of this title is subject to a decision by the Secretary ...". 38 U.S.C. § 7104(a).

Consistent with fundamental principles governing the review of decisions committed to the sole discretion of an agency head, it is not surprising that there is neither a specific grant of jurisdiction by statute, nor a delegation by regulation, which would permit the BVA to review the Secretary's action on a request for equitable relief.

[E]ven where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion. In such a case, the statute ("law") can be taken to have 'committed' the decisionmaking to the agency's judgment absolutely.

*Heckler v. Chaney*, 470 U.S. 821, 830, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714 (1985). *See also Webster v. Doe*, 486 U.S. 592, 599, 108 S.Ct. 2047, 2051–52, 100 L.Ed.2d 632 (1988). *Cf. Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957) (a decision committed to the "absolute discretion" of an agency head is subject to judicial review when the agency has promulgated regulations governing the exercise of such discretion). When Congress authorized the Secretary to grant equitable relief, it committed such matters to the sole discretion of the Secretary and did not impose upon the Secretary any determinative standards or criteria. Nor has the Secretary adopted any standards by regulation. In addition, an all-purpose, general "abuse of discretion" standard would be inapplicable, for as the Supreme Court stated in *Heckler:* "[I]f no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.' " *Heckler*, 470 U.S. at 830, 105 S.Ct. at 1655.

By its very wording, § 503(a) grants the Secretary authority to grant relief which is equitable in nature rather than required by law. Such equitable relief is only available if "benefits administered by the Department [under § 511(a) and § 512(a) ] have not been provided by reason of administrative error on the part of the Federal Government or any of its employees ...". Sections 503(a) and 511(a) thus create two separate and distinct forms of relief; whereas the latter contemplates "benefits" established by law, the former authorizes "relief" which is equitable in nature.

## IV.

We hold that the Board of Veterans' Appeals lacks jurisdiction to review the exercise of authority under 38 U.S.C. § 503(a), or the refusal to exercise such authority, by the Secretary of Veterans Affairs. The August 15, 1990, decision of the BVA is AFFIRMED.