**Jessie R. HERZOG, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1112.**

United States Court of Veterans Appeals.

Submitted Jan. 14, 1992.

Decided June 22, 1992.

Jackie Aubrey, Richmond, Ky., was on the pleadings, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Angela Foehl, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Jessie R. Herzog, appeals a June 15, 1990, Board of Veterans' Appeals (Board or BVA) decision which denied her claim, as a widow of a veteran, for payment of dependency and indemnity compensation (DIC) for a period prior to May 1, 1988. *See* 38 U.S.C. § 5111(a) (formerly § 3011(a)).

The veteran served on active duty in the Armed Forces from September 1946 to March 1948, and from March 1948 to August 1951. R. at 1. At the time of the veteran's death in March 1982, he had service-connected disabilities which had been

evaluated as totally disabling since July 1964. R. at 3–4. On April 6, 1982, the Veterans' Administration (now Department of Veterans Affairs) (VA) received a completed VA Form 21–530, Application for Burial Benefits, signed by appellant. R. at 12. In a letter dated the same day, appellant was advised of her potential entitlement to benefits as the veteran's widow. R. at 10. A VA Form 21–534, an application for DIC, was attached to the letter, which also notified appellant that the completed application was to be returned within one year of the date of the veteran's death or DIC would not be payable prior to the date the claim was received by VA. By rating decision dated in April 1982, the VA Regional Office determined that the veteran's death was not due to service-connected causes, which would have established entitlement to a higher burial allowance, but that basic entitlement to DIC was established. R. at 18. It was not, however, until April 1988, that appellant submitted her claim for DIC. R. at 25.

■ In September 1988, appellant was awarded DIC effective May 1, 1988. R. at 31. (See 38 U.S.C. § 5111(a) (if claim is not received within one year of veteran's death, payment commences the first day of calendar month after the month in which claim is received)). Appellant contends that she should be entitled to payment of DIC effective from the time of the veteran's death in 1982, since her April 1982 claim for a burial allowance should have been construed as a claim for DIC. Further, appellant asserts that she was confused by the language of a May 3, 1982, VA letter (R. at 20) which advised her that she was not entitled to service-connected death benefits. Appellant, therefore, maintains she saw no purpose in submitting VA Form 21–534 for DIC.

The BVA, in a June 15, 1990, decision rejected appellant's contentions and denied her retroactive DIC prior to May 1, 1988, on the basis that appellant's application for burial benefits cannot be considered an implied application for DIC. In addition, the BVA concluded that appellant received the proper forms and instructions which put her on notice that a separate application for DIC had to be filed within one year of her husband's death, in order for those benefits to be payable retroactive to the time of his death.

We conclude that, on the facts of the case, the BVA did not err in determining that the application for burial benefits should not be deemed an application for DIC. We further conclude that no error was committed by the BVA in concluding that the appellant received adequate information regarding the filing of a DIC application.

■ On appeal to this Court, appellant argues for the first time that the BVA should have construed her 1988 application for DIC as an implied request for an "extension," and thus have assigned a "nunc pro tunc" filing date of March 1982. Appellant argues that the BVA's failure to recognize an implied request for a backdated filing to 1982 is an abuse of discretion. *See* Br. of Appellant at 5.

We affirm the June 15, 1990, BVA decision. As to the issue raised here for the first time, we hold there is no basis to conclude that the BVA's failure to infer a request for a "nunc pro tunc" filing date as of March 1982 was an abuse of discretion, since the issue of assigning such a date was never raised before the BVA. The doctrine of exhaustion provides that an appellant ordinarily must exhaust all administrative remedies before an application for review can be accepted by a court. As to this issue, appellant has failed to present the question of an implied request for a back-dated DIC application to the Board. Hence, we decline to consider the question. *Cf. Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990).

As to all other grounds, on consideration of the supporting memoranda, appellant's brief, and a review of the record on appeal before this Court, it is the holding of the Court that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal or remand. *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate. *See*

*Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Therefore, the Secretary of Veterans Affairs' motion for summary affirmance is granted and the decision of the BVA is AFFIRMED.