Samuel L. FELTON, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 90–965.

United States Court of Veterans Appeals.

May 26, 1993.

Designated for Publication April 20, 1994.

Before KRAMER, IVERS, and
STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On March 11, 1993, the Court issued an order directing, among other things, the Secretary of Veterans Affairs (Secretary) to advise the Court no later than April 16, 1993, of the status of disbursement of a lump-sum payment in this matter. *Felton v. Brown,* 4 Vet.App. 363, 365 (1993) (per curiam order). On April 16, 1993, the Secretary filed a Response to the Court Order and Motion for Review, Pursuant to 38 U.S.C.[A.] § 7263(c) [West 1991], of Appellant's Attorney Fee Agreement (Motion for Review). Appellant filed a reply to the Motion for Review on April 30, 1993, and an Additional Reply to Appellee's Report to Court on Issues Other Than Attorney Fees (Additional Reply) on May 3, 1993.

The Secretary advised the Court that he had disbursed $107,854.14 to appellant's VA-appointed fiduciary, Mr. Kevin Craine (Motion for Review at 3); that this amount represents 80% of the $134,817.67 in past-due benefits awarded to appellant; and that the remaining 20% of the past-due benefits, totaling $26,963.53, is being held in escrow by the Cleveland, Ohio, Department of Veterans Affairs (VA) Regional Office for the benefit of appellant's attorney, Mr. David Belinky, to be distributed in accordance with the Court's instructions (*id.* at 367).

In this case, the fee agreement between appellant and his attorney does not provide for payment by the Secretary directly to the attorney. Attorney Fee Agreement at 1 (filed Jan. 29, 1991). The Secretary is obligated "to withhold attorney fees from past-due benefits and pay the fees directly to an attorney *only* when the fee agreement falls within the four corners of [38 U.S.C.A.] § 5904(d) [ (West 1991) ]." *Fee Agreement of Smith,* 4 Vet.App. 487, 499 (1993). Thus, the fee agreement does not fit within the four corners of Section 5904(d), and the Secretary is not obligated to pay Mr. Belinky directly out of the fund of past-due benefits. Because the Secretary must disburse the remaining fund of past-due benefits directly to appellant's VA-appointed fiduciary, the Secretary's other concerns regarding disbursement of the fund of past-due benefits are moot.

In his Additional Reply, appellant seeks an order from the Court designating his son as the appointed custodian, directing the current fiduciary to disburse the appropriate portion of the fund of past-due benefits to appellant, and seeking verification of VA's calculation of the past-due benefits. Additional Reply at 4. However, none of these issues is properly before the Court at this

time. *See Herzog v. Derwinski,* 2 Vet.App. 502, 503 (1992); *Branham v. Derwinski,* 1 Vet.App. 93, 94 (1990); *Mokal v. Derwinski,* 1 Vet.App. 12, 15 (1990).

Upon consideration of the foregoing, it is

ORDERED that the relief sought by appellant in his Additional Reply is denied; it is further

ORDERED that the Secretary's Motion for Review is denied; it is further

ORDERED that the Secretary disburse, within 30 days of this order, the remaining 20% of the fund of past-due benefits directly to appellant's fiduciary, Mr. Kevin Craine; and it is further

ORDERED that the Secretary advise the Court, no later than 30 days following issuance of this order, of the status of the disbursement of the remainder of the fund of past-due benefits.