**Ruby L. THOMPSON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–124.

United States Court of Veterans Appeals.

May 20, 1994.

Wesley Hutchen was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and

Joan E. Moriarty, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

NEBEKER, Chief Judge:

Appellant, Ruby L. Thompson, appeals a December 2, 1992, decision of the Board of Veterans' Appeals (Board or BVA) denying her entitlement to non-service-connected burial benefits. In this case, the Court is faced with the questions of (1) whether the Board erred in holding that an application for dependency and indemnity compensation (DIC), containing a notation by appellant that "burial and vet[']s medical bills are due but have not been paid," is not commensurate to an application for burial benefits under 38 U.S.C. § 2302, and (2) whether appellant is an "eligible person" within the meaning of 38 U.S.C. § 7722(c). For the following reasons, the decision of the BVA is affirmed.

## I. Background

Appellant's late husband had qualifying service. R. at 9. The veteran died on January 20, 1990. R. at 19. In February 1990, appellant filed an application for DIC. R. at 15. Within the week, she filed an application for a United States flag for burial purposes. R. at 22. The VA denied appellant's DIC claim in May 1990. R. at 23. About two years later, but more than two years after the veteran's burial, appellant filed an application for non-service-connected burial benefits and an application for DIC. R. at 26, 28. The VA denied that claim because it "was not filed within two years after permanent burial or cremation." R. at 36. Appellant filed a Notice of Disagreement with regard to the denial of non-service-connected burial benefits. R. at 38. On December 2, 1992, the BVA determined that appellant's claim for non-service-connected burial benefits under 38 U.S.C. § 2302 was untimely as it was not filed within two years of the veteran's burial as set forth in 38 U.S.C. § 2304. R. at 4.

In her timely appeal to this Court, appellant contends (1) that her application for DIC in 1990 should also be construed as a timely application for burial benefits, (2) that the VA failed to inform her that a separate appli-cation for burial benefits must be filed within two years after the veteran's burial, and (3) that the VA failed to forward her a copy of the application for burial benefits or instruct her as to where such an application could be obtained. Br. of Appellant at 5.

## II. Analysis

### A. Burial benefits

■ Pursuant to 38 U.S.C. § 2304, an application for burial benefits under 38 U.S.C. § 2302 must be filed within two years after the burial of the veteran. In the Secretary's motion for summary affirmance, he notes appellant's argument that her claim for DIC in 1990, or, implicitly, that her claim for a flag for burial in 1990 ought to be construed as an application for burial benefits which would then fall within the two-year statutory timeliness provision of 38 U.S.C. § 2304. But in *Herzog v. Derwinski*, 2 Vet.App. 502, 503 (1992), this Court held that "the BVA did not err in determining that the application for burial benefits should not be deemed an application for DIC." In *Herzog*, the BVA had recognized that two separate application forms exist for DIC and burial benefits, and that for a claimant to be entitled to such benefits, the proper application form must be submitted. In the present case, appellant submitted an application for DIC, but never submitted a separate application for burial benefits. In view of the existence of separate application forms for DIC and burial benefits, and in light of the Court's holding in *Herzog*, we hold that an application for DIC, or an application for a flag, or an application for DIC and an application for a flag taken together, are not the functional equivalent of an application for burial benefits, and that the Board did not err in denying her claim.

In appellant's application for DIC filed in 1990, she noted that "burial and vet[']s medical bills are due but have not been paid." R. at 18. In appellant's brief, she argues that this notation is a request for burial benefits, and that the VA's letter of May 1990, R. at 23, failed to notify her of her possible entitlement to the burial benefits as she had implicitly requested. Br. of Appellant at 5. However, appellant's notation on her DIC application was made under column 29A, that por-

tion of the application where an applicant may list unreimbursed expenses for the purpose of reducing the applicant's income amount, including, but not limited to, burial debts. Appellant was informing the RO, as requested by the DIC application, that her income would be reduced by certain due, but unpaid, medical and burial bills. As a result, we are not persuaded by appellant's assertion that her notation was a request for burial benefits.

### B. 38 U.S.C. § 7722(c)

■ Similarly, we are not persuaded that the BVA failed to notify her of possible entitlement to burial benefits in violation of a duty imposed by 38 U.S.C. § 7722(c). Section 7722(c) of title 38 provides that:

> The Secretary shall distribute full information to eligible veterans and eligible dependents regarding all benefits and services to which they may be entitled under laws administered by the Department and may, to the extent feasible, distribute information on other governmental programs (including manpower and training programs) which the Secretary determines would be beneficial to veterans.

For the purposes of this statutory provision, 38 U.S.C. § 7721(b)(2) defines "eligible dependent" as an "eligible person" as defined in 38 U.S.C. § 3501(a)(1). Section 3501(a)(1) of title 38 provides in pertinent part:

> (1) The term "eligible person" means ...
>
> . . . .
>
> (B) the surviving spouse of any person who died of a service connected disability[.]

In the Secretary's motion for summary affirmance, he asserts that the provisions of section 7722(c) do not apply to appellant as she does not meet the statutory definition of an "eligible dependent." We agree. In the present case, the record does not show that the veteran died of a service-connected disability. R. at 19. Nor does the record show any other qualifying conditions under section 3501(a)(1) at the time of the veteran's death. Because appellant does not meet the statutory definition of "eligible person" as defined in section 3501(a)(1), the Secretary's duty under section 7722(c) did not extend to her. Ac-

cordingly, the Secretary was under no duty under section 7722 to provide appellant with information and applications for all benefits to which she may have been entitled, including burial benefits, and the Board did not err in denying the claim.

### III. Conclusion

Appellant does not meet the statutory definition of an "eligible person." Therefore, no right to assistance under section 7722(c) vested in her. Appellant's 1990 DIC claim and her claim for a flag, taken separately or in combination, are not the functional equivalent of a claim for burial benefits. Her claim for burial benefits filed more than two years after the burial of the veteran was untimely under 38 U.S.C. § 2304. As the Secretary notes in his motion for summary affirmance, appellant may request equitable relief from the Secretary pursuant to 38 U.S.C. § 503(a). *But see Darrow v. Derwinski,* 2 Vet.App. 303, 306 (1992) (Court may not review Secretary's exercise of authority under 38 U.S.C. § 503(a)).

■ We also note that the Board's rationale for denying these benefits centered on its belief that the claim was not well grounded. However, whether a claim is well grounded under 38 U.S.C. § 5107 depends on whether competent evidence is present rendering the claim plausible. Timeliness of a claim, as required by section 2304, *supra,* like the claimant's eligibility for benefits (*see Aguilar v. Derwinski,* 2 Vet.App. 21 (1991)), is a threshold matter. If the claim is untimely, the VA has no jurisdiction even to consider whether it is well grounded.

One might inquire why we should not vacate the Board's decision as we do in cases where the claim, though erroneously or needlessly adjudicated, is determined not to be factually well grounded in the first instance. *See, e.g., Grottveit v. Brown,* 5 Vet.App. 91 (1993), and *McGinnis v. Brown,* 4 Vet.App. 239 (1993); *but compare Sabonis v. Brown,* 6 Vet.App. 426, 430 (1994) (claim erroneously termed "not well grounded" by BVA where in fact claim was barred as a matter of law). In *Grottveit* and *McGinnis,* the answer is while in both instances the Board did not err in the ultimate denial of the claim—the Board was right, but for the wrong reason—

submission of additional evidence may establish well groundedness in the future. Thus, in those instances, vacating the merits decision makes clear that a subsequent effort need not overcome the inertia of an earlier, adversely adjudicated claim. *See Grottveit, supra,* at 93. In this case, future status of the claim is nonexistent. As a matter of law, appellant's claim is time barred from ever being brought, and the BVA's decision denying the benefit sought must be affirmed as a matter of law. *Cf. Sabonis, supra* (BVA decision denying relief from recoupment affirmed where no authority in law to permit VA to grant relief sought).

The decision of the Board is AFFIRMED.