Citation Nr: 1522705 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 10-45 599 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to an effective date earlier than September 15, 2009, for the award of a 40 percent rating for degenerative disc disease of the lumbar spine.

2. Entitlement to an effective date earlier than September 15, 2009, for the award of a 40 percent rating for right foot drop.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

J. W. Kim, Counsel



INTRODUCTION

The Veteran had active service from April 1989 to June 1992.

This case comes to the Board of Veterans' Appeals (Board) from an April 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California, that granted an increased 40 percent rating for degenerative disc disease of the lumbar spine and 40 percent rating for right foot drop, both effective October 8, 2009. A May 2010 rating decision granted an earlier effective date of September 15, 2009, for both awards.


FINDINGS OF FACT

1. VA received the Veteran's claim for an increased rating on September 28, 2009.

2. The Veteran was assigned an earlier effective date of September 15, 2009, for the award of a 40 percent rating for degenerative disc disease of the lumbar spine and 40 percent rating for right foot drop based on a VA treatment record showing an increase in disability. 

3. It was not factually ascertainable that an increase in disability was shown within the remainder of the one-year period prior to September 15, 2009, based upon the applicable legal criteria and the evidence of record.


CONCLUSION OF LAW

The criteria for an effective date earlier than September 15, 2009, for the award of a 40 percent rating for degenerative disc disease of the lumbar spine and 40 percent rating for right foot drop are not met. 38 U.S.C.A. §§ 5107, 5110 (West 2014); 38 C.F.R. §§ 3.1, 3.102, 3.155, 3.157, 3.400 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify a claimant in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.326(a) (2014). 

In a claim for increase, the duty to notify requires only generic notice as to the type of evidence needed to substantiate the claim, namely, evidence demonstrating a worsening or increase in severity of the disability and the effect that worsening has on employment, as well as general notice regarding how disability ratings and effective dates are assigned. Vazquez-Flores v. Shinseki, 580 F.3d 1270 (2009).

In this case, neither the Veteran nor representative has alleged prejudice with respect to notice, as is required. Shinseki v. Sanders, 129 S. Ct. 1696 (2009); Goodwin v. Peake, 22 Vet. App. 128 (2008); Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). An October 2009 letter notified the Veteran of the criteria for establishing an increased rating, the evidence required in that regard, and his and VA's respective duties for obtaining evidence. The letter also notified the Veteran of how VA determines disability ratings and effective dates. All notice elements and predated the initial adjudication by the RO in April 2010. 

VA also has a duty to assist a claimant in the development of a claim. That duty includes assisting in obtaining service medical records and pertinent treatment records and providing an examination or obtaining an opinion when necessary. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014). 

In this case, all necessary development has been accomplished and therefore appellate review may proceed without prejudice to the Veteran. Bernard v. Brown, 4 Vet. App. 384 (1993). The claims file contains the Veteran's service medical records, and post-service reports of VA and private treatment and examination. The Veteran's statements in support of the claim are of record. The Board has carefully reviewed those statements and concludes that no available outstanding evidence has been identified. The Board has also reviewed the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the claim. 

Effective Date

Specific to claims for increased disability compensation, the effective date will be the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if a claim is received by VA within one year after that date. Otherwise the effective date will be the date of receipt of claim or date entitlement arose, whichever is later. 38 U.S.C.A. § 5110(b) (West 2014); 38 C.F.R. § 3.400(o)(2) (2014). 

A claim is a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p) (2014).

Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, a duly authorized representative, or a person acting as next friend who is not sui juris may be considered an informal claim. 38 C.F.R. § 3.155 (2014).

A report of examination or hospitalization will be accepted as an informal claim for increase, if the report relates to a disability that may establish entitlement. The date of outpatient or hospital examination or date of admission to a VA or uniformed services hospital will be accepted as the date of receipt of a claim. 38 C.F.R. § 3.157(b)(1) (2014). The date on which evidence is received from a private physician or layman is the date that will be used for effective date purposes. 38 C.F.R. § 3.157 (b)(2) (2014).

VA received the Veteran's claim for an increased rating on September 28, 2009. An April 2010 rating decision granted an increased 40 percent rating for degenerative disc disease of the lumbar spine and 40 percent rating for right foot drop, both effective October 8, 2009, the date of receipt of the claim based on a second, later date stamp. A May 2010 rating decision noted the error and upon further review granted an even earlier effective date of September 15, 2009. Such was based on a VA treatment record showing an increase in disability. 

The record does not show, and the Veteran does not allege, that he filed a claim for increase prior to September 15, 2009. He also makes no contention that their was a factually ascertainable increase in severity of either disability within the period between September 28, 2008, and September 15, 2009. Rather, the Veteran asserts that he is entitled to an effective date of his original claim for service connection filed in July 1992.

Initially, the Board notes that the Veteran did not initiate an appeal with a July 2007 rating decision that denied an increased rating for the lumbar spine disability with right foot drop. There was also evidence received within one year of the decision that could be construed as new and material. The decision became final. 38 U.S.C.A. § 7105 (West 2014). 

In Rudd v. Nicholson, 20 Vet. App. 296, 299-300 (2006), the Court held that once a rating decision that establishes an effective date becomes final, the only way that such a decision can be revised is if it contains clear and unmistakable error (CUE). The Court noted that any other result would vitiate the rule of finality. Thus, given the finality of the July 2007 rating decision, the effective date of the award of increased ratings for degenerative disc disease of the lumbar spine and right foot drop can be no earlier than the date of the July 2007 rating decision. 

The Board next notes that there is no correspondence from the Veteran dated prior to the September 28, 2009, claim for increase. There was simply no pending claim of entitlement to an increased rating for either disability prior to September 15, 2009.

The Board has also considered whether a report of examination or hospitalization can be cited as an informal claim for increase. However, to the extent that any VA medical record subsequent to the last final rating decision in July 2007 and prior to September 15, 2009, may serve as a claim under 38 C.F.R. § 3.157, no such record indicates entitlement to a 40 percent rating for either disability. Earlier treatment notes within the remainder of the one-year period prior to September 15, 2009, only show complaints of pain and muscle spasms and findings of tenderness of the low back. No private medical records were received during this period for consideration as an informal claim for increase. As the controlling date is the later of the date of claim and the date entitlement arose, an earlier award based on this regulation is therefore precluded. 

Given the above, the Board finds that it was not factually ascertainable that an increase in disability was shown within the remainder of the one-year period prior to September 15, 2009, based upon the applicable legal criteria and the evidence of record.

Consideration has been given to the Veteran's assertion that he is entitled to an effective date of his original claim for service connection filed in July 1992. The Veteran acknowledges that he failed to promptly notify VA every time he moved but asserts that he acted within a reasonable margin of error and as such he is entitled to an effective date of January 1, 1993.

The Veteran filed an original claim for service connection for a low back disability in July 1992 that was deemed abandoned in July 1993 after he failed to report to a VA examination. Notice was provided to the Veteran at his address of record. There is no indication that that notice was returned or otherwise not delivered to the Veteran.

On June 28, 1996, VA received an application to reopen the previously denied claim that was denied in a January 1997 rating decision. The Veteran appealed that decision and a January 2007 Board decision granted service connection for a low back disability with right foot drop. A May 2007 rating decision implemented the Board's grant and assigned a 0 percent rating for both disabilities effective from June 28, 1996, but noted that an at-once VA examination would be conducted to ascertain the severity of his disabilities. As the notice of VA examination was undeliverable, a July 2007 rating decision continued the 0 percent ratings for both disabilities. 

The Board observes that nearly all correspondence sent to the Veteran from a February 2003 letter notifying him that his appeal was being sent to the Board through the July 2007 rating decision has been returned as undeliverable. In that regard, while the Veteran informed VA of a new address in April 1997, November 1997, and May 1999, he did not thereafter inform VA of a new address. In fact, no correspondence from the Veteran was received until his September 28, 2009, claim for increase. While the Veteran may not have received notice of the January 2007 Board decision or May and July 2007 rating decisions, those decisions were sent to the latest address of record. 38 C.F.R. § 3.1(q) (2014). There is no burden on the part of VA to turn up heaven and earth to locate a Veteran. Hyson v. Brown, 5 Vet. App. 262 (1993). Thus, the Veteran was properly notified of the decisions and of his appellate rights. 38 C.F.R. § 3.103 (2014). While the Board is sympathetic to the Veteran's situation, the current status of his disability ratings and effective dates is due to his failure to keep VA informed of his whereabouts.

To the extent that the Veteran asserts that equity warrants the assignment of an earlier effective date extending back to the date of his original claim for service connection, matters of equitable relief are only within the discretion of the Secretary of VA. The Board does not have the authority to award such relief. 38 U.S.C.A. § 503 (West 2014); Darrow v. Derwinski, 2 Vet. App. 303 (1992).

In conclusion, an effective date earlier than September 15, 2009, for the award of a 40 percent rating for degenerative disc disease of the lumbar spine and 40 percent rating for right foot drop is not warranted. As the preponderance of the evidence is against the claim, the claim must be denied. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).








ORDER

An effective date earlier than September 15, 2009, for the award of a 40 percent rating for degenerative disc disease of the lumbar spine is denied.

An effective date earlier than September 15, 2009, for the award of a 40 percent rating for right foot drop is denied.



____________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs