Citation Nr: 1617312
Decision Date: 04/29/16 Archive Date: 05/26/16

DOCKET NO. 12-10 189 DATE APR 29 2016



On appeal from the Department of Veterans Affairs Regional Office in Buffalo, New York



THE ISSUE

Entitlement to extension of educational assistance benefits pursuant to Chapter 30, Title 38, United States Code, Montgomery GI Bill.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States



WITNESSES AT HEARING ON APPEAL

The Veteran and J.W.



INTRODUCTION

The Veteran had active military service from July 1996 to June 1997 and from May 2001 to March 2005. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a decision of the VA Regional Office (RO) in Buffalo, New York.

The above-captioned matter was previously before and denied by the Board in April 2015, a denial that the Veteran appealed to the U.S. Court of Appeals for Veterans Claims (Court). Based upon a Joint Motion For Remand, a December 2015 Court Order remanded the matter to the Board for re-adjudication.

This appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2) (West 2014).



ORDER TO VACATE

VA regulations provide that the Board may vacate an appellate decision at any time upon the request of the Veteran or his representative or on the Board's own motion when there has been a denial of due process. 38 C.F.R. § 20.904(a) (2015). In April 2015, the Board denied the Veteran's claim of entitlement to extension of educational assistance benefits pursuant to Chapter 30, Title 38, United States Code, Montgomery GI Bill (MGIB). The Veteran then appealed to the Court. In December 2015, based on a Joint Motion to Remand, the Court issued an Order remanding the case to the Board. In order to prevent prejudice to the Veteran, the Board's April 2015 decision is vacated and a new decision will be entered as if the April 2015 decision had never been issued.



FINDINGS OF FACT

1. The Veteran's delimiting date period for the use of educational assistance benefits pursuant to Chapter 30, Title 38, United States Code, MGIB ended on April 1, 2015.

2. Evidence of record does not show that the Veteran was prevented from beginning or continuing a program of education due to his own physical or mental disabilities during the original eligibility period or that he was misled by VA's actions into allowing a filing deadline to pass.


CONCLUSION OF LAW

The criteria for an extension of educational assistance benefits pursuant to Chapter 30, Title 38, United States Code, MGIB are not met. 38 U.S.C.A. § 3031 (West 2014); 38 C.F.R. §§ 21.1033, 21.7051 (2015).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Court has held that the duties to notify and assist are relevant to Chapter 51 of Title 38 of the United States Code but do not apply in educational benefits situations, which are governed by Chapter 30 of Title 38. See Barger v. Principi, 16 Vet. App. 132, 138 (2002). The applicable notification and assistance procedures for educational assistance claims emphasize that VA has no further duty to notify or assist the claimant when the undisputed facts render the claimant ineligible for the claimed benefit under the law, as is the case here. 38 C.F.R. §§ 21.103 l(b), 21.1032(d) (2015).

The law provides that an extended period of eligibility for MGIB benefits may be granted when it is determined that a veteran was prevented from initiating or completing the chosen program of education within the otherwise applicable eligibility period because of a physical or mental disability that did not result from the Veteran's willful misconduct. 38 USCA § 3031(d), 38 C.F.R. § 21.7051(a)(2). It must be clearly established by medical evidence that such a program of education was medically infeasible. In this case, the Veteran does not assert that he was prevented from initiating or completing the chosen program of education within the otherwise applicable eligibility period because of a physical or mental disability.
The Veteran is asking that his educational benefits be extended based on his litigation with VA over payment of benefits under the Post-9/11 GI Bill.

Extension requests are subject to timeliness restrictions. 38 C.F.R. §§ 21.1033(c), 21.705l (a). An extension may also be granted when a claimant establishes good cause for an untimely request. 38 C.F.R. § 21.1033(e). VA must receive a claim for an extended period of eligibility by the later of the following dates: One year from the date on which a veteran's original period of eligibility ended, or one year from the date on which the eligible claimant's physical or mental disability no longer prevented him from beginning or resuming a chosen program of education. 38 C.F.R. §§ 21.1033(c), 21.7051(a).

The evidence of record established that the Veteran received his commission in the United States Navy after graduating from United States Naval Academy in May 2001, and was obligated to a period of service from May 2001 to May 2006. See 10 U.S.C.A. § 6956 (West 2014). The Veteran was discharged from the United States Navy in March 2005 under separation code "LFF" (directed by service authority).

In November 2005, the Veteran submitted VA Form 22-1990, "Application for VA Education Benefits," seeking benefits under Chapter 30, MGIB. A certificate of eligibility, also dated in November 2005, shows that the Veteran was entitled to receive such benefits and that they must be used before April 1, 2015, the date eligibility ended.

In May 2009, the Veteran was advised that he was eligible for educational assistance benefits under the Post-9/11 GI Bill effective August 1, 2009. The Veteran used these educational assistance benefits to pursue and complete graduate studies at Georgetown University and Oxford University.

While still attending Oxford, the Veteran was informed in June 2011 that he was erroneously granted eligibility for educational assistance benefits under the Post 9/11 GI Bill. The Veteran was informed that his period of active duty from May 2001 to March 2005 rendered him ineligible to receive Post 9/11 GI Bill educational benefits because this period of active duty resulted from an obligated period of active service given his status as a service academy graduate. See l0 U.S.C.A. §6956.

At his hearing before the Board in June 2012, the Veteran testified that he had completed his schooling at Oxford.

In April 2013, the Board found that the Veteran was not eligible to receive Post 9/11 GI Bill educational benefits and denied that claim. The Board also denied an extension of educational assistance benefits pursuant to MGIB. The Veteran appealed the Board's decision to the Court. In May 2014, the Court issued a Memorandum Decision which vacated the Board's April 2013 decision with regard to the Veteran's entitlement to an extension to Chapter 30 benefits and remanded it back to the Board. The Court affirmed the denial of eligibility for Post 9/11 GI Bill educational benefits.

In June 2011, VA informed the Veteran that he had used eight months and 24 days of benefits under the MGIB. In an August 2012 supplemental statement of the case, the Veteran was informed that he had used eight months and 24 days of benefits under the MGIB and that he had 20 months and 17 days of entitlement remaining under the MGIB. He was informed that he had until April 1, 2015, to use those benefits.

The Veteran has requested that his educational entitlement under the MGIB be extended by the number of days elapsed from June 2011 to the date the current appeal concludes. He asserts that he had no clarity on the status of his educational benefits for a year and a half. The Veteran argues this was lost time and he wants it back to use his benefits.

The evidence does not show, nor does the Veteran contend, that after receiving notice in August 2012 that he had had 20 months and 17 days of entitlement remaining under the MGIB, with a delimiting date of April l , 2015, he was prevented from initiating or completing a chosen program of education within the otherwise applicable eligibility period because of a physical or mental disability.

Based on a review of the evidence, the Board concludes that an extension of educational assistance benefits pursuant to Chapter 30, Title 38, United States Code is not warranted. Initially, the Board finds that the Veteran did not make an irrevocable election to receive benefits under 38 U.S.C. Chapter 33 by relinquishing eligibility under either 38 U.S.C. Chapter 30, such that he was still entitled to MGIB benefits. As discussed above, the Board previously found that the Veteran was not eligible to receive Post 9/11 GI Bill educational benefits and such finding was affirmed by the Court in a May 2014 Memorandum Decision. Consequently, as the Veteran was not eligible to received Post 9/11 GI Bill educational benefits, the Board concludes that he could not make an irrevocable election and relinquish his MGIB benefits.

Although the Veteran remained eligible for MGIB benefits, an extension beyond the delimiting date of April 1, 2015, is not warranted. As discussed above, the Veteran was informed in August 2012 that he had until April l, 2015, a period of almost three years, to use his remaining 20 months and 17 days of MGIB benefits. There has not been indication that the Veteran was unable to initiate or complete an educational program within this period because of physical or mental disability.
Consequently, an extension based on such is not warranted.

The Board has also considered the doctrine of equitable tolling. The doctrine of equitable tolling does not apply to jurisdictional requirements. See Bowles v. Russell, 551 U.S. 205, 214 (2007) (holding hold that 38 U.S.C.A. § 7266(a) was a jurisdictional statute and therefore the Court did not have authority to equitably toll the time period for filing a notice of appeal). The United States Supreme Court, however found that the 120 day period for appealing a Board decision to the Court is not jurisdictional, but rather a claim processing rule that does not have jurisdictional consequences. Henderson v. Shinseki, 131 S.Ct. 1197 (2011).

Equitable tolling in the paternalistic veterans' benefits context does not require misconduct and instead requires merely that the appellant was misled by VA's actions into allowing the filing deadline to pass. Bailey v. West, 160 F.3d. 1360 1364 65 (Fed. Cir. 1998).

The Board finds that an extension of educational assistance benefits pursuant to Chapter 30, Title 38, United States Code based on equitable tolling is not warranted. The evidence does not show that the Veteran was misled by VA's actions into allowing a filing deadline to pass. The Board acknowledges that VA led the Veteran to believe that he was entitled to receive Post 9/11 GI Bill educational benefits and his appeal regarding such issue was not resolved until the Court's affirmation of the Board's denial in May 2014. However, even after conclusion of such appeal, there is no indication that the Veteran made any effort to use his remaining 20 months and 17 days of MGIB benefits prior to the delimiting date of April 1, 2015. In this case, the Veteran was notified in August 2012 that he had until April 1, 2015, to use his 20 months and 17 days of benefits. The evidence does not show that the Veteran was denied use of his remaining MGIB benefits after being notified by the RO in 2012 that he still had benefits remaining. Even though this appeal as to extending the dated past April 2015 is still pending after the delimiting date, the fact remains that the evidence does not indicate that the Veteran has been denied any attempt to use his MGIB benefits prior to April 1, 2015. Indeed, the Veteran himself testified that he had completed his schooling.

In view of the foregoing, the Board concludes that an extension of the Veteran's educational assistance benefits pursuant to Chapter 30, Title 38, United States Code, MGIB is not warranted.



ORDER

Entitlement to extension of educational assistance benefits pursuant to Chapter 30, Title 38, United States Code, MGIB is denied.



JOY A MCDONALD
Veterans Law Judge, Board of Veterans’ Appeals


Citation Nr: 1516700 
Decision Date: 04/17/15 Archive Date: 04/24/15

DOCKET NO. 12-10 189 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUE

Entitlement to extension of educational assistance benefits pursuant Chapter 30, Title 38, United States Code.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Appellant, J.W.


ATTORNEY FOR THE BOARD

G. Wasik, Counsel

INTRODUCTION

The Veteran had active service from July 1996 to June 1997, and from May 2001 to March 2005. This matter came before the Board of Veterans' Appeals (Board) on appeal from a decision of June 2011 by the Department of Veterans Affairs (VA) Buffalo, New York, Regional Office (RO). 

The issue on appeal was previously before the Board in April 2013 when the claim was denied. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In May 2014, the Court issued a Memorandum Decision which vacated the Board's April 2013 decision with regard to the Veteran's entitlement to Chapter 30 benefits and remanded it back to the Board. 

This appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

The Veteran filed an application in December 2008 for Chapter 33 (Post-9/11 GI Bill) educational assistance, which included an irrevocable election of Chapter 33 benefits in lieu of educational assistance under Chapter 30 (Montgomery GI Bill).


CONCLUSION OF LAW

The Veteran's election for educational benefits under the Post-9/11 GI Bill program in lieu of benefits under the Montgomery GI Bill program is irrevocable; the criteria for extension to educational assistance benefits have not been met. 38 U.S.C.A. §§ 3301-24 (West 2014); 38 C.F.R. § 21.9520 (2014).



REASONS AND BASES FOR FINDING AND CONCLUSION

For educational assistance claims, the regulations delineating the specific notification and assistance requirements. 38 C.F.R. §§ 21.1031, 21.1032 (2014). 

Under 38 C.F.R. § 21.1031(b) "if a formal claim for educational assistance is incomplete, or if VA requires additional information or evidence to adjudicate the claim, VA will notify the claimant of the evidence and/or information necessary to complete or adjudicate the claim and the time limit provisions of § 21.1032(d)." In this case, the record does not reflect the Veteran's formal claim for educational assistance was incomplete. Rather, as detailed below, the resolution of this case depends upon whether the Veteran made an irrevocable election of Chapter 30 (Post-9/11 GI Bill) education benefits in lieu of Chapter 30 Montgomery GI Bill education benefits. The applicable notification and assistance procedures for educational assistance claims under 38 C.F.R. § 21.1031(b) and § 21.1032(d) emphasize that VA has no further duty to notify or assist the claimant when the undisputed facts render the claimant ineligible for the claimed benefit under the law, as is the case here. Therefore, the Board finds that no further action is necessary under the statutory and regulatory duties to notify and assist. In any event, the Veteran has not demonstrated any prejudice with regard to the content or timing of any notice or lack thereof. See Shinseki v. Sanders, 129 S.Ct.1696 (2009) (reversing prior case law imposing a presumption of prejudice on any notice deficiency, and clarifying that the burden of showing that an error is harmful, or prejudicial, normally falls upon the party attacking the agency's determination).

General due process considerations have been satisfied. See 38 C.F.R. § 3.103 (2104). The Veteran has been provided ample opportunity to present evidence and argument in support of his claim, and he has in fact done so to include appearing in person before the Board at a personal hearing. 

In this case, the Veteran submitted an electronic VA Form 22-1990 in December 2008 which he indicated that he was electing to receive Chapter 33 (Post-9/11 GI Bill) benefits in lieu of Chapter 30 benefits, Montgomery GI Bill. The Veteran does not dispute the fact that he elected to receive Chapter 33 benefits in lieu of Chapter 30 educational benefits. The Veteran submitted an application for Chapter 30, Montgomery GI Bill, benefits in November 2005. Nevertheless, this does not change the fact he submitted an application in May 2011 for Chapter 33 (Post-9/11 GI Bill) benefits in lieu of Chapter 30, and indicated that he wanted this election to be effective May 9, 2011. 

In accordance with 38 C.F.R. § 21.9520(c)(1)(i), an individual is eligible for Chapter 33 benefits if he has met the minimum service requirements in paragraph (a) or (b), and then makes an irrevocable election to receive benefits under 38 U.S.C. Chapter 33 by relinquishing eligibility under either 38 U.S.C. Chapter 30, or 10 U.S.C. Chapter 106a, 1606, or 1607. In the current case, the Veteran met the requirements set out under 38 C.F.R. § 21.9520 (a) in that he served a minimum of 90 aggregate days of active duty service and, thereafter, continued on active duty. The Veteran's active duty service from May 2001 to March 2005 satisfied this criteria. 

Pursuant to 38 C.F.R. § 21.9520(c)(2) , an individual may make an irrevocable election to receive benefits under this chapter by properly completing a VA Form 22-1990, submitting a transfer-of-entitlement designation under this chapter to the Department of Defense, or submitting a written statement that includes the following: (i) identification information (including the name, social security number and address); (ii) if applicable, an election to receive benefits under chapter 33 in lieu of benefits under one of the applicable chapters listed in paragraph (c)(1)(i) of this section (e.g., 'I elect to receive benefits under the Post-9/11-GI Bill in lieu of benefits under the Montgomery GI Bill - Active Duty (chapter 30) program.'); (iii) the date the individual wants the election to be effective (e.g., 'I want this election to take effect on August 1, 2009.'). An election request for an effective date prior to August 1, 2009, will automatically be effective August 1, 2009; and (iv) an acknowledgement that the election is irrevocable (e.g., 'I understand that my election is irrevocable and may not be changed.'). 

Thus, based on the above-referenced regulatory provisions, an election to receive benefits under Chapter 33 can become irrevocable upon completion and submission of a VA Form 22-1990. In the alternative, a Veteran has the option to either submit a transfer-of-entitlement designation under this chapter to the Department of Defense, or submit a written statement which includes the four specified criteria listed under 38 C.F.R. §21.9520(c)(2)(i)-(iv) in order for irrevocability to occur. If a Veteran has opted to submit a written statement, then his or her election to receive benefits under Chapter 33 becomes irrevocable only when all four specified criteria are met.

In this case, the irrevocability criteria listed under 38 C.F.R. § 21.9520(c)(2) have been met as the record contains the Veteran's VA Form 22-1990 (online) application. Although the document does not contain an explicit acknowledgement on the part of the Veteran reflecting awareness of the irrevocability criteria, the regulation does not explicitly impose this requirement on VA Form 22-1990. Indeed, the regulation does not specify that a completed VA Form 22-1990 must include a statement from the Veteran acknowledging that his election for Post-9/11 GI Bill program in lieu of benefits under the Montgomery GI Bill program is irrevocable. The regulation only requires that VA Form 22-1990 be properly completed for irrevocability to take effect. In other words, acknowledgement by the Veteran that his election for Chapter 33 benefits in lieu of Chapter 30 benefits is irrevocable is only necessary when the Veteran has opted to submit a written statement seeking Chapter 33 benefits, as an alternative to properly completing the VA Form 22-1990 or submitting a transfer-of-entitlement designation under this chapter to the Department of Defense for these benefits. 

In the current case, it was determined that the Veteran's active duty service did not qualify for Chapter 33 benefits as the Veteran was obligated to perform his post 9/11 active duty service based on his attendance at the United States Naval Academy. Significantly, the provisions of 38 C.F.R. § 21.9520 do not make any allowances for election of chapter 33 benefits to be removed based on a wrongful grant of education benefits under Chapter 33. 38 C.F.R. § 21.9520 merely sets out the criteria required for basic eligibility for the benefits and the requirements to make an election to receive Chapter 33 benefits in lieu of Chapter 30 benefits. There is no provision to make an irrevocable election revocable. The Board further notes that the Veteran has already received in excess of $60,000 in education benefits under Chapter 33 and VA has waived recovery of the overpayment of these funds. 

The Board acknowledges the Veteran's position and the contentions he has advanced in support of his claim. However, the fact remains the Veteran made a valid irrevocable election of Chapter 33 (Post-9/11 GI Bill) education benefits in-lieu of Chapter 30, Montgomery GI Bill, education benefits. To the extent that the Veteran argues entitlement to equitable relief, the Board is without authority to grant it on an equitable basis and instead is constrained to follow the specific provisions of law. See 38 U.S.C.A. § 7104 (West 2014); Taylor v. West, 11 Vet. App. 436, 440-41 (1998); Harvey v. Brown, 6 Vet. App. 416, 425 (1994). As set out in the introduction, a grant of equitable relief is solely within the discretion of the Secretary of Veterans Affairs. It is not within the Board's jurisdiction. See Darrow v. Derwinski, 2 Vet. App. 303 (1992). The request will be referred to the Chairman of the Board for consideration of referral to the Secretary of VA after this decision of the Board has been issued. See 38 C.F.R. § 2.7 (2014). 

In view of the foregoing, the Board must find that the Veteran made an irrevocable election of Chapter 33 (Post-9/11 GI Bill) education benefits in lieu of Chapter 30, Montgomery GI Bill education benefits. As such, he has no legal entitlement to Chapter 30 benefits, which is the benefit he is seeking on appeal. Where the law and not the evidence are dispositive of the issue before the Board, the claim must be denied because of the absence of legal merit or the lack of entitlement under the law. See Sabonis v. Brown, 6 Vet. App. 426 (1994).

The Court's May 2014 Memorandum Decision directed the Board to provide an adequate statement of reasons or bases for finding that the Veteran's claim of equitable tolling for his period of entitlement to Chapter 30 benefits was not warranted. In the same decision, the Court also directed the Board to "make all necessary factual findings concerning the Veteran's entitlement to Chapter 30 benefits." The Board finds that's its determination of the Veteran's non-eligibility to Chapter 30 benefits set out above, obviates the need to discuss the Veteran's claim for equitable relief by the Board. The Veteran has irrevocably waived his rights to Chapter 30 education benefits and the Board is without authority to review the claim on an equitable basis. 


ORDER

Entitlement to additional Chapter 30, Montgomery GI Bill, education benefits is denied. 



____________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals